[No. 5084–II. Division Two. April 5, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN
JEFF TEAFORD, *Appellant.*

*Robert M. Quillian,* for appellant.

*Byron E. McClanahan, Prosecuting Attorney,* and *John H. Buckwalter, Deputy,* for respondent.

WORSWICK, J.—Defendant appeals convictions of first degree escape, first degree robbery and second degree assault (two counts), contending he could not have been guilty of first degree escape because at the time of the incident he was being held in a county jail solely for trial on pending felony charges. He also claims error in the giving of

certain instructions and the failure to give others. We affirm.

The charges from conviction of which defendant appeals arose out of a breakout from the Mason County jail on June 8, 1980. Earlier in 1980, defendant had escaped from the Washington Corrections Center located in Mason County where he was confined following convictions for first degree robbery and second degree burglary. After his apprehension, he had been transferred to the Mason County jail for trial on charges arising out of that escape. On the day in question, defendant's cell mate, one Thorson, overpowered a guard, putting a knife to his throat. Thorson, another cell mate, Myers, and defendant then left their cell, took guns from three jail officers, locked the officers in a cell and departed.

Later, Myers stopped a truck on a street in Shelton by pointing a gun at the driver. After Myers ordered the driver and passenger out of the truck, Thorson and defendant emerged from the bushes, got into the truck and the three left the area. Defendant and Myers were ultimately apprehended and tried for the jail escape and related offenses.[1]

Defendant's principal contention is that he was wrongly convicted of first degree escape because at the time he escaped from the Mason County jail, he was in custody there solely pursuant to pending felony charges. His argument seems to be that, because he had been transferred to a county jail for trial on new charges, his confinement status under the earlier convictions had somehow been suspended or superseded. We disagree.

The evidence presented to the jury supported the conclusion that defendant had dual custody status at the time of the escape. Testimony indicated that he was to be returned to state custody to resume serving his previous sentences as soon as the proceedings in Mason County ended and that the Washington Corrections Center had a hold on him at all times while he was in the Mason County

---

[1]Thorson had not been apprehended at the time of defendant's trial.

jail.

■■ Defendant argues that there is at least a question as to which escape statute applies and that he is entitled to the statutory construction which would resolve the question in his favor. We disagree. In *State v. Brown,* 8 Wn. App. 639, 643, 509 P.2d 77 (1973), this court stated:

Penal statutes are to be strictly construed, to the end that activities not intended to be included within the ambit of the statute shall not be prosecuted. This does not mean, however, that a forced, narrow, or over-strict construction should be applied to defeat the obvious intent of the legislature. *State v. Rinkes,* 49 Wn.2d 664, 306 P.2d 205 (1957). It is the function of the court to adopt a construction of the statute that is reasonable and in furtherance of the obvious purpose for which it was enacted. *State v. Lee,* 62 Wn.2d 228, 382 P.2d 491 (1963).

RCW 9A.76.110(1) provides:

(1) A person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony, he escapes from custody or a detention facility.

RCW 9A.76.120(1) provides:

(1) A person is guilty of escape in the second degree if:

. . .

(b) Having been charged with a felony, he escapes from custody.

Comparison of these provisions plainly demonstrates a legislative intent that escapes by persons confined after conviction should be dealt with more severely than those occurring before conviction. We see no merit in the proposition that a person who has been confined after conviction, has committed a new offense, for that reason has been temporarily transferred to a jail to await trial for that offense and who escapes from that jail should be dealt with less severely than contemplated by RCW 9A.76.110. We hold that in such circumstances, the escapee has dual status which will support a conviction of first degree escape.

Defendant's contentions concerning the jury instructions are based on his assertion that, as to the robbery and assault charges, he was culpable only as an accomplice. He

claims error in the court's failure specifically to instruct that the elements of accomplice liability must be proved beyond a reasonable doubt. His particular complaint is that the jury could have found him guilty of robbery and assault even without finding he was an accomplice because his status as an accomplice was not listed as an additional element in the instructions defining those crimes. We disagree.

Instructions must be considered as a whole and the reviewing court must assume that the jury followed the instructions. *Beck v. United States,* 298 F.2d 622, 634–35 (9th Cir.), *cert. denied,* 370 U.S. 919, 8 L. Ed. 2d 499, 82 S. Ct. 1558 (1962). The court gave the standard burden of proof instruction (WPIC 4.01), the standard accomplice instruction (WPIC 10.51) and the "elements" and "to convict" instructions for both robbery and assault. These instructions correctly stated the law, were not misleading and permitted defense counsel to argue his theory of the case. *State v. Mark,* 94 Wn.2d 520, 526, 618 P.2d 73 (1980). Defendant's status as an accomplice was not an element of either of the principal crimes. *See State v. Williams,* 28 Wn. App. 209, 213, 622 P.2d 885 (1981). Considered as a whole, the instructions required the jury to determine defendant's liability as an accomplice in light of the elements of the principal crimes in the perpetration of which such liability arose and under the overall requirement that criminal liability must be proved beyond a reasonable doubt. There was no error.

Affirmed.

PETRICH, A.C.J., and PETRIE, J., concur.

Reconsideration denied May 12, 1982.

Review denied by Supreme Court July 16, 1982.