73 P.3d 402 (2003)
117 Wash.App. 831
STATE of Washington, Respondent/Cross-Appellant,
v.
Dewayne H. TEAL, Appellant/Cross-Respondent.
No. 42889-6-I.
Court of Appeals of Washington, Division 1.
July 28, 2003.
*404 Eric Broman, Bruce Koch, Nielsen, Broman, & Koch, PLLC, Seattle, WA, for Appellant.
Seth Fine, James Krider, Paul Stern, Snohomish Co. Prosecuting Att. Office, Everett, WA, for Respondent.
*403 BECKER, C.J.
Dewayne "Hubba" Teal appeals from his conviction for first degree robbery, and his resulting sentence of life in prison as a persistent offender. We reject his challenge to the sufficiency of the evidence. Although there was insufficient evidence to convict him as a principal, the trial court gave an instruction explaining accomplice liability. This instruction permitted the State to argue an accomplice theory even though the "to *405 convict" instruction referred only to the acts of "the defendant". We conclude, however, that Teal is entitled to a new trial because the accomplice instruction was erroneously worded in such a manner that the jury may have convicted Teal as an accomplice to a drug deal rather than to the robbery with which he was charged.
According to testimony presented by the State, the robbery occurred on July 10, 1997. Dewayne Teal's brother, Rueben Hinton, arranged to purchase cocaine from Larone Wright. Teal loaned Hinton $700 to buy the drugs. Teal also drove Hinton to meet Wright at an apartment complex in Lynnwood, and waited in the car while Hinton approached Wright's car. After Hinton got in the car, he suddenly shot Wright twice, and went through Wright's pockets before running off. Wright testified that he was missing about $125 after the shooting.
Wright rolled out of the car and lay on the ground. He said he saw Teal come up to Wright's car and take things out of it. Later, he discovered a case containing compact discs was missing. Teal denied taking anything out of Wright's car. He testified he was waiting for Hinton to complete the drug deal but fled in his car when he realized shots had been fired. He said as he was driving away, he saw someone else run up to Wright's car.
The instructions included a "to convict" instruction setting forth the elements of first degree robbery, an accomplice liability instruction, and a special verdict to determine for the purpose of sentence enhancement whether Teal, if guilty, was armed with a firearm during commission of the crime.[1] In closing argument, the State presented its theory that Teal was an accomplice to Hinton. The jury convicted Teal on a charge of first degree robbery, and found in the special verdict that he was armed with a firearm at the time of the robbery.

"TO CONVICT" INSTRUCTION
Often, in cases where the State employs a theory of accomplice liability, the "to convict" instruction will state that the crime is proved if "the defendant or an accomplice" commits certain acts that establish the elements of the crime. See e.g., State v. Swenson, 104 Wash. App. 744, 758, 9 P.3d 933 (2000), review denied, 148 Wash.2d 1009, 62 P.3d 890 (2003); State v. Haack, 88 Wash.App. 423, 427, 958 P.2d 1001 (1997), review denied, 134 Wash.2d 1016, 958 P.2d 314 (1998). In this case, the "to convict" instruction referred only to the defendant as the actor whose conduct must establish the elements:
To convict the defendant of the crime of Robbery in the First Degree, each of the following elements of the crime must be proved beyond a reasonable doubt:
(1) That on or about the 10th day of July, 1997, the defendant unlawfully took personal property to-wit: money and/or CD's from the person or in the presence of another, to-wit: Larone Wright;
(2) That the defendant intended to commit theft of the property;
(3) That the taking was against Larone Wright's will by the defendant's use or threatened use of immediate force, violence or fear of injury to that person;
(4) That the force or fear was used by the defendant to obtain or retain possession of the property or to prevent or overcome resistance to the taking;
(5) That in the commission of these acts or in immediate flight therefrom the defendant displayed what appeared to be a firearm; and
(6) That the acts occurred in the State of Washington.
If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then *406 it will be your duty to return a verdict of not guilty.[2]
A separate instruction defined accomplice liability:
A person who is an accomplice in the commission of a crime is guilty of that crime whether present at the scene or not.
A person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of a crime, he or she either:
(1) solicits, commands, encourages, or requests another person to commit the crime; or
(2) aids or agrees to aid another person in planning or committing a crime.
The word "aid" means all assistance whether given by words, acts, encouragement, support or presence. A person who is present at the scene and ready to assist by his or her presence is aiding in the commission of the crime. However, more than mere presence and knowledge of the criminal activity of another must be shown to establish that a person present is an accomplice.[3]
The prosecutor, in closing argument, went through the elements in the "to convict" instruction and explained that the jury should read the instruction as though it said "defendant or an accomplice": "the final thing is that during the acts or in immediate flight therefrom, the defendant or an accomplice shows a firearm.... Now I put the accomplice in ... parenthesis".[4] The prosecutor continued:
And although it is worded in words such as, that in the commission of the acts, or in flight therefrom the defendant displayed what appeared to be a firearm, don't get caught up in the technicality of the language. This applies to accomplices equally. If they do this crime together and do different parts of it, then they're responsible for each other's conduct. But you don't see the word accomplice in here because it is assumed to be that way.[5]
Teal's first argument is that the evidence of his guilt was insufficient because his own conduct did not establish the elements of first degree robbery as set forth in the "to convict" instruction. Insufficiency of the evidence to prove all elements of a crime beyond a reasonable doubt requires the conviction to be reversed and dismissed. In re Winship, 397 U.S. 358, 361-64, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Even when the "to convict" instruction contains an unnecessary element, if the State does not object to it, the State assumes the burden of proving that element beyond a reasonable doubt. State v. Hickman, 135 Wash.2d 97, 954 P.2d 900 (1998) (conviction dismissed for lack of evidence of venue, an element inadvertently included in the "to convict" instruction.).
Teal's argument can be summarized as follows: the purpose of the "to convict" instruction is to set forth the elements of the charge which the State must prove beyond a reasonable doubt. When the State employs a theory of accomplice liability, the "to convict" instruction must communicate that the elements can be established by the conduct of the defendant or an accomplice. If the "to convict" instruction refers only to the conduct of the defendant, accomplice liability is beyond the scope of the instruction, and the State assumes the burden of proving that the defendant's conduct established all the elements of the crime without reference to the conduct of an accomplice.
The rule is well-established that instructions must be read together and viewed as a whole. See, e.g., Haack, 88 Wash.App. at 427, 958 P.2d 1001. As a general rule, however, the "to convict" instruction must provide a complete statement of the elements of the crime charged. It is error to omit an element from an instruction that otherwise purports to give a complete statement of the elements of the charged crime. State v. Emmanuel, 42 Wash.2d 799, 817-21, 259 P.2d 845 (1953) (bribery prosecution; "to convict" instruction omitted the essential element that applications were pending before *407 the allegedly bribed public official). See also State v. Smith, 131 Wash.2d 258, 930 P.2d 917 (1997); State v. Miller, 131 Wash.2d 78, 929 P.2d 372 (1997); State v. Eastmond, 129 Wash.2d 497, 919 P.2d 577 (1996). That the omitted element is arguably present in another instruction does not cure the error. The jury is not required to search the other instructions to see if another element alleged in the information should have been added to those specified in the "to convict" instruction. Emmanuel, 42 Wash.2d at 819, 259 P.2d 845.
Accomplice liability, contrary to Teal's argument, is not an element of the crime charged. Nor is it an alternative means of committing a crime. State v. Haack, 88 Wash.App. at 428, 958 P.2d 1001. The elements of the crime are the same for both a principal and an accomplice. State v. Carothers, 84 Wash.2d 256, 264, 525 P.2d 731 (1974), overruled on other grounds in State v. Harris, 102 Wash.2d 148, 685 P.2d 584 (1984). An information need not allege accomplice liability in order to state the nature of the charge; charging the accused as a principal is adequate notice of the potential for accomplice liability. State v. Rodriguez, 78 Wash.App. 769, 774, 898 P.2d 871 (1995), review denied, 128 Wash.2d 1015 (1996). It follows that the Emmanuel rule, requiring that all elements be listed in a single instruction, is not violated when accomplice liability is described in a separate instruction.
Including accomplice language"the defendant or an accomplice"in the "to convict" instruction is an approved practice. See Haack, 88 Wash.App. at 426-31, 958 P.2d 1001. But it is not a required practice, and it may be confusing in cases where accomplice liability is alleged as to some defendants and crimes but not others. We are hesitant to impose a requirement that may needlessly complicate the practical task of devising an acceptable set of jury instructions. As the court observed in Emmanuel, the pertinent law need not all be incorporated in a single instruction. Emmanuel, 42 Wash.2d at 819, 259 P.2d 845. The relatively short set of mandatory standard instructions, including accomplice liability where appropriate will usually suffice to educate a jury on the fundamental tenets of due process applicable to all charges. The factual application of these principles can then be addressed in argument.
In a similar context, the Supreme Court has held that when the State has the burden to disprove a defense beyond a reasonable doubt, that burden may be set forth in the "to convict" instruction, or addressed by a separate instruction; the test is whether the jury is informed of the State's burden in an understandable way. State v. Ng, 110 Wash.2d 32, 41, 750 P.2d 632 (1988). Even an element may be set forth in an instruction separate from the "to convict" instruction when it is desirable to have the jury work through the elements in a certain order, and the instructions clearly direct the jury through its task of deliberations. State v. Oster, 147 Wash.2d 141, 52 P.3d 26 (2002). Oster recognizes a special exception to the rule in Emmanuel and holds that where prior criminal history is an element of the crime, it can be set forth in an instruction separate from the "to convict" instruction consistent with due process.[6]
As Oster indicates, due process is the fundamental standard that must be satisfied by instructions that set forth what is required for conviction. Accomplice liability, though not an "element", must still be proved by the State beyond a reasonable doubt in order for a jury to convict. See State v. Cronin, 142 Wash.2d 568, 579-580, 14 P.3d 752 (2000). Thus, while it is not essential that the "to convict" instruction should refer explicitly to accomplice liability, what is essential is that the jury is clearly made aware of the State's burden.
Here, read as a whole, the instructions were clear about what the jury needed to decide and the legal principles they were to use. Instruction 2 set forth the *408 presumption of innocence and defined reasonable doubt. The same instruction specified that the State carried the burden of proving Teal's guilt beyond a reasonable doubt. Instruction 7, the "to convict" instruction, contained all the essential elements of the crime of first degree robbery. Instruction 8 informed the jury of what constituted acting with intent. Next came Instruction 9, the accomplice liability instruction. That instruction began, "A person who is an accomplice in the commission of a crime is guilty of that crime whether present at the scene or not", and then defined when a person is an accomplice. Instruction 10 explained the special verdict, stating that if one participant is armed with a firearm, an accomplice to that participant is also armed:
For purposes of a special verdict the State must prove beyond a reasonable doubt that the defendant was armed with a firearm at the time of the commission of the crime.
A firearm is a weapon or device from which a projectile may be fired by an explosive such as gun powder.
If one participant in a crime is armed with a firearm, all accomplices to that participant are deemed to be so armed, even if only one firearm is involved.[7]
These instructions did not obscure the State's burden of proof. They allowed the State to argue its theory that Teal was guilty as an accomplice to Hinton's robbery of Wright even if he did not personally use force or display a firearm. They allowed Teal to argue his theory that he was aware of the drug deal, but was not an accomplice because he did not knowingly participate in the robbery. We conclude these instructions were adequate to satisfy due process despite the lack of language expressly incorporating accomplice liability into the "to convict" instruction.
Division Two reached the same conclusion when addressing an almost identical argument in State v. Teaford, 31 Wash.App. 496, 644 P.2d 136 (1982), review denied, 97 Wash.2d 1026 (1982). In that case, a jury convicted Teaford of a number of crimes, including first degree robbery and second degree assault. On appeal, he argued that as to the robbery and assault charges, he was culpable only as an accomplice, and that the trial court erred by not specifically instructing the jury that the elements of accomplice liability must be proved beyond a reasonable doubt. The crux of his argument, which the court rejected, was that the instructions defining the charged offenses failed to include his status as an accomplice:
His particular complaint is that the jury could have found him guilty of robbery and assault even without finding he was an accomplice because his status as an accomplice was not listed as an additional element in the instructions defining those crimes. We disagree.
Instructions must be considered as a whole and the reviewing court must assume that the jury followed the instructions. The court gave the standard burden of proof instruction (WPIC 4.01), the standard accomplice instruction (WPIC 10.51) and the "elements" and "to convict" instructions for both robbery and assault. These instructions correctly stated the law, were not misleading and permitted defense counsel to argue his theory of the case. Defendant's status as an accomplice was not an element of either of the principal crimes. Considered as a whole, the instructions required the jury to determine defendant's liability as an accomplice in light of the elements of the principal crimes in the perpetration of which such liability arose and under the overall requirement that criminal liability must be proved beyond a reasonable doubt. There was no error.
Teaford, 31 Wash.App. at 500, 644 P.2d 136 (citations omitted).
A more recent Division Two opinion, State v. Spencer, 111 Wash.App. 401, 45 P.3d 209 (2002), review denied, 148 Wash.2d 1009, 62 P.3d 889 (2003), may be inconsistent with Teaford in that it appears to hold that even where the jury receives the standard accomplice liability instruction, a defendant can be convicted as an accomplice only if the "to *409 convict" instruction says so.[8] We have found no authority supporting the adoption of such an inflexible rule. To the extent Spencer so holds, we disagree with it.
We also reject Teal's argument that the prosecutor committed misconduct under State v. Davenport, 100 Wash.2d 757, 675 P.2d 1213 (1984), by arguing a theory of liability unsupported by the "to convict" instruction. In Davenport there was no instruction whatsoever on accomplice liability, while in this case the jury did receive a standard instruction on accomplice liability. The prosecutor in Davenport interjected the notion of accomplice liability out of the blue, while in Teal's case accomplice liability was properly before the jury by way of the standard instruction. The prosecutor did not commit misconduct by explaining how to read the accomplice instruction together with the "to convict" instruction.

ERRONEOUS ACCOMPLICE INSTRUCTION
The State concedes that the accomplice liability instruction given in this case was erroneous under State v. Cronin, 142 Wash.2d 568, 580, 14 P.3d 752 (2000). For accomplice liability to attach "a defendant must not merely aid in any crime, but must knowingly aid in the commission of the specific crime charged." State v. Brown, 147 Wash.2d 330, 338, 58 P.3d 889 (2002).
This instructional error is subject to a harmless error analysis. Brown, 147 Wash.2d at 340, 58 P.3d 889 (citing Neder v. United States, 527 U.S. 1, 9, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)). The error was not harmless in this case. It is clear that Teal was convicted as an accomplice, not a principal. There was conflicting testimony about whether he took the case of compact discs. There was evidence that the incident was a drug deal as well as robbery. Teal admitted that he intended to assist Hinton in the drug deal, but he denied participation in the robbery. He testified he did not know Hinton was armed or that he planned to commit a robbery.
The State's theory of the case was that Hinton and Teal together had set Wright up to be robbed. However, the State's closing argument acknowledged Wright's admission that he expected to transact a drug deal. The jury, guided by the erroneous instruction, may have found Teal guilty based on his complicity in the drug transaction. Because the error was not harmless, Teal is entitled to a new trial.
We next address other issues raised in Teal's appeal which may arise again on remand.

ADMISSION OF PRIOR CONVICTIONS
Teal has prior convictions for forgery, taking a motor vehicle and attempted robbery. Because these are crimes of dishonesty, they were per se admissible at trial for the purpose of attacking his credibility. See State v. Rivers, 129 Wash.2d 697, 705, 921 P.2d 495 (1996); ER 609(a)(2). Below, Teal asked that the jury be told only that he had "felony convictions for crimes of dishonesty", rather than being informed of the specific nature of his prior convictions. The trial court denied this request in a ruling that Teal now challenges.
At trial, the defense chose to elicit the existence of the prior convictions during Teal's direct examination. The State argues that Teal, by doing so, waived his right to challenge the court's admissibility decision. However, the preemptive strategy of introducing such evidence in direct examination after losing a battle to exclude it does not constitute waiver of appellate review. State v. Thang, 145 Wash.2d 630, 648-49, 41 P.3d 1159 (2002).
Teal cites cases holding that when a prior conviction is a necessary element of the charged offense, for example to establish a *410 defendant's status as a convicted felon in a prosecution for unlawful possession of a firearm, a defendant may offer to stipulate to the fact of a felony conviction without naming the felony, and a trial court may not refuse such an offer. See State v. Johnson, 90 Wash.App. 54, 63, 950 P.2d 981 (1998) (citing Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)). But the rationale of such cases does not apply in Teal's situation, because his prior convictions were admitted for a different purpose: to help the jury evaluate the defendant's credibility.
Teal's prior conviction for attempted robbery was his greatest concern, because the potential for prejudice when the jury learns of a prior conviction is undoubtedly greater where the prior conviction is similar to the current offense. This is a recognized consideration in cases where the trial court must decide under ER 609(a)(1) whether to admit the conviction at all. See, e.g., State v. Hardy, 133 Wash.2d 701, 711, 946 P.2d 1175 (1997); State v. Calegar, 133 Wash.2d 718, 722, 947 P.2d 235 (1997).
The Supreme Court has said that "as it is generally the nature of the prior felony which renders it probative of veracity", courts should not admit unnamed felonies under ER 609(a)(1) "unless they can articulate how unnaming the felony still renders it probative". Hardy, 133 Wash.2d at 712, 946 P.2d 1175. The same comment logically applies under ER 609(a)(2). Arguably, Teal's proposal to identify his prior felonies to the jury simply as crimes of dishonesty would have been sufficient to render them probative on the issue of his veracity. This approach was used by the trial court in Rivers with respect to that defendant's prior convictions for robbery and attempted robbery. And although the ruling admitting those felonies unnamed was not at issue in Rivers, the Supreme Court discussed it approvingly as having "tempered the prejudicial effect." Rivers, 129 Wash.2d at 707, 921 P.2d 495.
But a ruling allowing impeachment of a witness with a prior conviction for a crime of dishonesty is reviewed for an abuse of discretion. Rivers, 129 Wash.2d at 704-05, 921 P.2d 495. In view of Hardy's observation that it is generally the nature of the felony that makes it probative, we are not prepared to hold that a trial court must approve such a request. Teal's prior convictions were admitted in accordance with the rule, solely for their bearing on his credibility and with a limiting instruction in that regard. We conclude the court did not abuse its discretion by allowing them to come in as named felonies.

REBUTTAL
Teal included in his direct testimony a reference to his girlfriend and said she was seven months pregnant with their child. Over Teal's objection, the State called her as a rebuttal witness to say she told Teal one month before trial that she had lost the baby. Teal contends her testimony was improperly admitted because it impeached his credibility on a collateral matter. We review the admission of rebuttal evidence for a manifest abuse of discretion. State v. Swan, 114 Wash.2d 613, 653, 790 P.2d 610 (1990).
Generally, a witness cannot be impeached on matters that are collateral to the principal issues being tried. State v. Allen, 50 Wash.App. 412, 423, 749 P.2d 702, review denied, 110 Wash.2d 1024 (1988). But even where collateral evidence is improperly admitted, the error is prejudicial only if it affects the outcome of the trial. Allen, 50 Wash.App. at 423, 749 P.2d 702.
In Allen the rebuttal testimony undermined the defendant's credibility on a "neutral matter", whereas the defendant herself "damaged her own credibility by giving contradictory testimony on a number of matters which related directly to the crime charged." Allen, 50 Wash.App. at 423, 749 P.2d 702. Under these circumstances, the court held that any error was harmless. The same is true here. It was Teal who brought up the topic of his girlfriend's pregnancy. Any prejudice that arose from the fact that he was shown to be less than credible on this irrelevant topic was mild compared to the damage Teal inflicted upon his own credibility by testifying to a version of the robbery materially different from the statement he originally made to police, and by having prior convictions *411 for crimes of dishonesty with which he could be impeached.

SENTENCING ISSUES
Teal contends that the language of a plea agreement in an earlier conviction contains a bargained-for promise that the conviction would be disregarded in later sentencing proceedings. We rejected that contention when it was raised by Teal in another appeal, No. 45141-3-I, and reject it again now for the reasons stated in our decision in that case.
Teal's remaining challenges are to his sentence as a persistent offender. Analysis of such issues need not be undertaken at the present time.
Reversed and remanded for a new trial.
WE CONCUR: AGID, APPELWICK, JJ.
NOTES
[1] RCW 9.94A.510 mandates that a person who is found to have been armed with a firearm during the commission of a crime will have additional time added to the sentence that would otherwise have been imposed.
[2] Instruction 7, Clerk's Papers at 71.
[3] Instruction 9, Clerk's Papers at 73.
[4] Verbatim Report of Proceedings at 470.
[5] Verbatim Report of Proceedings at 480.
[6] This court has twice followed State v. Oster, 147 Wash.2d 141, 52 P.3d 26 (2002), to uphold felony convictions where the "to convict" instruction set forth the elements of the misdemeanor, and the jury was separately instructed to determine the existence of an additional element that would elevate the crime to a felony. See State v. Mills, 116 Wash.App. 106, 64 P.3d 1253 (2003); State v. Davis, 116 Wash.App. 81, 64 P.3d 661 (2003).
[7] Instruction 10. Clerk's Papers at 74.
[8] We say "appears to hold" because it is not absolutely clear that the accomplice liability instruction in State v. Spencer, 111 Wash.App. 401, 45 P.3d 209 (2002), included the standard sentence, "A person who is an accomplice in the commission of a crime is guilty of that crime whether present at the scene or not." If the accomplice instruction omits the sentence stating that an accomplice is "guilty", a defendant who is tried on an accomplice liability theory has a much stronger argument that the instruction does not meet due process standards.