96 P.3d 974 (2004)
152 Wash.2d 333
STATE of Washington, Respondent,
v.
DeWayne H. TEAL, Petitioner.
No. 74569-2.
Supreme Court of Washington, En Banc.
Argued June 24, 2004.
Decided September 2, 2004.
*975 Eric Broman, Seattle, for Petitioner.
Seth Aaron Fine, Snohomish County Pros. Office, Everett, for Respondent.
JOHNSON, J.
This case requires us to determine whether sufficient evidence existed to convict the defendant of first degree robbery where a "to convict" jury instruction only referred to the acts of the "defendant" and not to the acts of the "defendant or an accomplice." The Court of Appeals concluded that, in reading the instructions as a whole, the jury could decide the defendant's guilt or innocence as an accomplice to first degree robbery. The court held, however, that the defendant was entitled to a new trial because the jury was erroneously instructed on accomplice liability.[1] We affirm.

FACTUAL AND PROCEDURAL HISTORY
On August 13, 1997, the State charged the defendant, DeWayne H. Teal, with one count of first degree robbery committed while armed with a firearm. Clerk's Papers (CP) at 95. The evidence revealed that the alleged robbery occurred during the course of a drug deal between Rueben Hinton (Teal's brother) and Larone Wright.
On July 10, 1997, Hinton arranged to purchase two ounces of crack cocaine from Wright. Teal lent Hinton the money for the purchase and drove him to an apartment complex to buy the drugs. Teal parked in the apartment complex parking lot and watched Hinton approach Wright's car to conduct the drug deal. While in the car, Hinton shot Wright twice, once in the head and once in the shoulder.
During police questioning, Teal denied knowing anything about the shooting. In a later statement, he admitted to witnessing the shooting and stealing compact discs from Wright's car. At trial, however, Teal changed his statement and suggested that an unknown white male, driving a car like his own, had robbed Wright and that he had previously admitted to taking the compact discs from Wright's car to help Hinton.
Wright testified that after the shooting Hinton went through Wright's pockets. Wright also testified that he then rolled out of the car and crawled to the ground, where he observed Hinton and Teal rummaging through the car and then drive away. Several eyewitnesses corroborated Wright's version of the shooting and one witness identified Teal's car.
The trial court's jury instructions included a "to convict" instruction which defined each element of first degree robbery as acts committed by the "defendant." The instruction specifically stated that:
To convict the defendant of the crime of Robbery in the First Degree, each of the *976 following elements of the crime must be proved beyond a reasonable doubt:
... [t]hat the taking was against Larone Wright's will by the defendant's use or threatened use of immediate force, violence or fear of injury to that person;
... [t]hat the force or fear was used by the defendant to obtain or retain possession of the property or to prevent or overcome resistance to the taking;
... [and that] in the commission of these acts or in immediate flight therefrom the defendant displayed what appeared to be a firearm....
CP at 71 (Instruction 7). The record reveals that neither party objected to this instruction.[2]
The court also gave a separate instruction for accomplice liability and a special verdict to determine whether Teal was armed with a firearm at the time of the robbery for the purpose of imposing a sentencing enhancement. The accomplice liability instruction stated that "[a] person who is an accomplice in the commission of a crime is guilty of that crime...." CP at 73 (Instruction 9) (emphasis added).[3]
The jury found Teal guilty as charged.[4] On appeal, Teal argued that the State failed to prove the elements listed in the "to convict" instruction because it only referred to the acts of the "defendant" and not to the acts of the "defendant or an accomplice," and no evidence existed that Teal was the principal in the robbery. The Court of Appeals disagreed with this argument but reversed Teal's conviction.[5] The court reasoned that it was permissible to convict Teal as an accomplice but that the accomplice liability instruction was erroneous in referring to "a crime" rather than "the crime" because it could have led the jury to convict Teal as an accomplice to the drug deal rather than to the robbery for which he was charged. The Court of Appeals remanded for a new trial to correct the accomplice instruction.
The State did not seek review of the Court of Appeals' decision.[6] Teal, however, petitioned this court for review on the basis that his first degree robbery charge should be dismissed. We accepted review to determine whether, despite the erroneous accomplice liability instruction, sufficient evidence existed to convict Teal of first degree robbery.

ANALYSIS
In a criminal prosecution the State bears the burden of proving all of the elements of the crime charged. A reviewing court will reverse a conviction for insufficient evidence only if no rational trier of fact could find that the State met its burden.
In this case, Teal argues that insufficient evidence existed to convict him of first degree robbery because the State failed to prove that his conduct established the elements of the crime as set forth in the "to convict" jury instruction; this instruction only referred to the acts of the "defendant" and not to the acts of the "defendant or an accomplice." Teal asks this court to dismiss his conviction.
*977 Teal cites to State v. Hickman, 135 Wash.2d 97, 954 P.2d 900 (1998), in support of his argument. In Hickman, the "to convict" jury instruction added venue as an additional element for the jury to consider by indicating that the crime occurred in Snohomish County. Venue was not an element of the crime for which Hickman was charged. Hickman argued that, by adding venue to the instruction, the State assumed the burden of proving that element beyond a reasonable doubt. We agreed with this argument and held that added elements become the law of a case when they are included in jury instructions and that a defendant may challenge the sufficiency of the evidence of an added element. We dismissed Hickman's conviction for insufficient evidence because the State failed to meet its burden of proving venue as an additional element of the crime for which Hickman was charged.
Hickman is distinguishable from this case for two reasons. First, Hickman does not address the issue of accomplice liability. Second, Hickman involved the State's failure to prove an added element of the crime charged in the "to convict" jury instruction, requiring Hickman's conviction to be dismissed for insufficient evidence. In this case we must determine whether sufficient evidence existed to convict Teal of the crime charged.
As mentioned, Teal argues that the State failed to prove all the elements of first degree robbery for lack of sufficient evidence because it omitted the language, "or an accomplice," from the "to convict" instruction. Teal maintains that by failing to include this language, the State was required to prove that the defendant's conduct established all the elements of the crime without referring to the conduct of an accomplice.
Teal specifically argues that when a "to convict" instruction only refers to the conduct of the "defendant," and not to the conduct of the "defendant or an accomplice," accomplice liability is beyond the scope of the jury instruction. According to Teal, the State would be required to prove that the defendant committed all the elements of the crime for which he was charged without reference to accomplice liability. In this case, then, the State would have been required to prove beyond a reasonable doubt that Teal used, or threatened to use, force during the commission of the alleged robbery. Since insufficient evidence existed to prove this element, Teal argues his conviction should be dismissed. The Court of Appeals correctly rejected this argument.
Although a "to convict" instruction must provide a complete statement of the elements of the crime charged, accomplice liability is not an element of the crime for which Teal was charged, nor is accomplice liability an element of, or alternative means of, committing a crime. In State v. Carothers, 84 Wash.2d 256, 261, 525 P.2d 731 (1974), we held that complicity was not an element of the crime for which the defendant was charged, nor an alternative method to committing the crime.
We also agreed with the trial court's jury instruction that it need not reach unanimity on whether a defendant acted as a principal or an accomplice in the crime for which the defendant was charged, so long as "it was convinced that the alleged crimes were committed and that the [defendant] participated in each of them." Carothers, 84 Wash.2d at 261, 525 P.2d 731. The trial court specifically instructed the jury that when a person is involved in the commission of a felony, whether they directly committed the offense or aided in its commission, that person is a principal and shall be prosecuted as such. Thus, the elements of a crime are considered the same for a principal and an accomplice.
The rule requiring that all elements of a crime be listed in a single instruction is not violated when accomplice liability is described in a separate instruction. See State v. Emmanuel, 42 Wash.2d 799, 819, 259 P.2d 845 (1953). Here, the Court of Appeals correctly determined that jury instructions are sufficient when, read as a whole, they accurately state the law, do not mislead the jury, and permit each party to argue its theory of the case. In reading the jury instructions as a whole, including the court's erroneous accomplice liability instruction, the jury could *978 decide Teal's guilt or innocence as an accomplice to first degree robbery.
Teal also argued that the plea agreement he agreed to in connection with his 1996 attempted robbery conviction prohibited the use of that conviction for sentencing as a persistent offender. Teal raised this same argument in an appeal for a different conviction. The Court of Appeals in that case rejected the argument and we denied review. Since Teal's conviction is reversed in this case, any issue regarding the validity of his prior convictions can be raised if Teal is convicted on remand.
We affirm the Court of Appeals.
ALEXANDER, C.J., and MADSEN, IRELAND, BRIDGE, CHAMBERS, OWENS and FAIRHURST, JJ., concur.
SANDERS, J. (dissenting).
State v. Hickman, 135 Wash.2d 97, 954 P.2d 900 (1998), controls disposition of this case. There the State included in the "to convict" instruction venue as an element of insurance fraud. Id. at 101, 954 P.2d 900. Though nothing in the insurance fraud statute[1] required the State to prove as much, we held the State's erroneous inclusion of venue in the "to convict" instruction compelled it to prove that element beyond a reasonable doubt. Id. at 105, 954 P.2d 900. Because there was insufficient evidence for a jury to find such proof beyond a reasonable doubt, we ordered Hickman's charges be dismissed. Id. at 106, 954 P.2d 900.
Here the "to convict" instruction permitted the jury to find DeWayne Teal guilty of first degree robbery only if the State proved beyond a reasonable doubt "the taking [of property] was against Larone Wright's will by the defendant's use or threatened use of immediate force, violence or fear of injury to that person," "the force or fear was used by the defendant to obtain or retain possession of the property or to prevent or overcome resistance to the taking," and during the alleged crime "the defendant displayed what appeared to be a firearm." Clerk's Papers (CP) at 71 (Instruction 7) (emphasis added). Nowhere in the "to convict" instruction is there any leeway for the jury to convict Teal as an accomplice to the alleged robbery.
However the majority attempts to distinguish Hickman on two grounds. First the majority asserts this case involves accomplice liability whereas Hickman did not. See majority at 977. True, that distinction exists. However it is wholly irrelevant, for venue was not an element of insurance fraud yet the State assumed the burden in Hickman to prove it. Hickman, 135 Wash.2d at 105, 954 P.2d 900. That this case involves accomplice liability and Hickman involved venue is just as immaterial as distinguishing this case because the defendant there was named Hickman and this defendant is named Teal.
The second basis for the majority's claim is that this case requires a "determin[ation of] whether sufficient evidence existed to convict Teal of the crime charged," majority at 977, whereas Hickman involved an element added to the "to convict" instruction. Yet the crime charged in Hickman was insurance fraud. Certainly there was sufficient evidence there to support a finding of guilt for the statutory elements of that crime; however, we dismissed the charges against the defendant because there was insufficient evidence to prove the added element of venue. Hickman, 135 Wash.2d at 105-06, 954 P.2d 900. The entire focus of Hickman is not whether there is sufficient evidence to convict the defendant of the crime charged; rather the focus lies in whether the State produces sufficient evidence to convict the defendant of the crime defined by the "to convict" instruction. That the State had no obligation imposed by statute to prove Teal acted as a principal is immaterial to the issue presented.
As such, I am not swayed by the majority's citation to State v. Carothers, 84 Wash.2d 256, 525 P.2d 731 (1974). Carothers correctly stands for the proposition complicity is not an element of a crime nor an alternative means of committing a crime. See id. at 261-64, 525 P.2d 731. However the "to convict" instruction here required the State to prove Teal acted as a principal. So much is *979 evident from the prosecutor's improper comments during closing argument:
And although it is worded in words such as, that in the commission of the acts, or in flight therefrom the defendant displayed what appeared to be a firearm, don't get caught up in the technicality of the language. This applies to accomplices equally. If they do this crime together and do different parts of it, then they're responsible for each others' conduct. But you don't see the word accomplice in here because it is assumed to be that way.

3 Verbatim Report of Proceedings at 480 (Mar. 18, 1998) (emphasis added). But it is the "technicality of the language" on which the jury relies to determine the defendant's guilt or innocence. Juries are presumed to follow the instructions given by the court, but that presumption is overcome when they are forced to "assume" the law is different from that provided. See, e.g., State v. Davenport, 100 Wash.2d 757, 763-65, 675 P.2d 1213 (1984) (reversing conviction after prosecutor implied during closing that whether defendant acted as principal or accomplice was immaterial, as the jury instructions included no accomplice liability instruction).
It is no argument that the law of the case doctrine leads to dismissal. Hickman disposed of that contention:
[W]e note the law of the case doctrine benefits the system by encouraging trial counsel to review all jury instructions to ensure their propriety before the instructions are given to the jury. Moreover, the doctrine is well established by multiple precedent and is encapsulated in criminal rule CrR 6.15(c), which requires all objections to jury instructions be made before the instructions are given to the jury.
Hickman, 135 Wash.2d at 105, 954 P.2d 900.
Nothing in this record evidences the possibility Teal used or threatened to use violent behavior or force or that Teal carried a firearm while Rueben Hinton shot Wright. Yet the State was required to prove these facts beyond a reasonable doubt to convict Teal based on the unchallenged "to convict" instruction given. Hickman, 135 Wash.2d at 105, 954 P.2d 900. Even viewing the evidence in a light most favorable to the State as is required in a sufficiency of the evidence challenge, State v. Goodman, 150 Wash.2d 774, 781, 83 P.3d 410 (2004), there is insufficient evidence here to convict Teal of the crime defined by instruction 7. All evidence demonstrated Hinton, not Teal, was the individual who carried the firearm and used it to rob Wright.
I therefore would dismiss the charges against Teal based on the law of the case doctrine and dissent from the majority's refusal to do so.
NOTES
[1] State v. Teal, 117 Wash.App. 831, 843, 73 P.3d 402 (2003).
[2] The court accepted the State's "to convict" instruction and the record reveals that the defense proposed an identical instruction. CP at 79. Both instructions referred to acts of the "defendant" and not to acts of the "defendant or an accomplice."
[3] While the better practice in a case prosecuted on the theory of accomplice liability might be to include the language "the defendant or an accomplice" in a "to convict" instruction, we find no case authority or basis to conclude that the failure to include this language creates an additional element to the charged crime where accomplice liability is not an element of that crime. See State v. Haack, 88 Wash.App. 423, 427, 958 P.2d 1001 (1997), review denied, 134 Wash.2d 1016, 958 P.2d 314 (1998).
[4] At sentencing, the State presented evidence of two prior convictions that constituted strikes under the Persistent Offender Accountability Act (POAA). As a result, the trial court determined that Teal was a persistent offender and imposed a life sentence without the possibility of parole. CP at 9-18.
[5] The court also rejected Teal's argument that his three strikes sentence was unlawful. Teal, 117 Wash.App. at 846, 73 P.3d 402.
[6] The State has conceded that the accomplice liability instruction was erroneous under our holding in State v. Cronin, 142 Wash.2d 568, 14 P.3d 752 (2000), and that a new trial is needed.
[1] See RCW 48.30.230.