IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31155-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JIMMIE WAYNE MOSER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Jimmie W. Moser appeals his voyeurism conviction, contending sufficient evidence does not show the victim had a reasonable expectation of privacy in her home when the curtains were open, lights were on, and Christmas decorations were around one of the windows. We affirm.

## FACTS

Roberta Farrington lives in a retirement community. A "no trespassing" sign is posted on her street. One evening as Ms. Farrington was getting ready for bed, she stood in her kitchen and looked out her sliding glass doors and saw Mr. Moser looking into her house from the street. The blinds on the glass doors were open and the lights were on in the home; additionally, Ms. Farrington's kitchen window curtains were open with Christmas decorations around it. Mr. Moser made eye contact with Ms. Farrington.

Ms. Farrington observed that Mr. Moser was masturbating. Ms. Farrington called the police who soon found and arrested Mr. Moser.

The State charged Mr. Moser with indecent exposure and voyeurism. At a bench trial, Mr. Moser stipulated he knowingly viewed Ms. Farrington for the purpose of arousing his sexual desire, but he did not stipulate Ms. Farrington was in a place where she had a reasonable expectation of privacy. The court found Mr. Moser guilty of both charges. He solely appeals his voyeurism conviction.

ANALYSIS

The sole issue is whether sufficient evidence supports Mr. Moser's voyeurism conviction. He contends the State failed to prove Ms. Farrington had a reasonable expectation of privacy inside her home, considering she had the blinds open, lights on, and Christmas decorations around one of her windows.

We review evidence insufficiency claims to determine whether any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Evidence sufficiency challenges admit the truth of the State's evidence and all reasonable inferences drawn from it. *Id.*

After a bench trial, we determine whether substantial evidence supports the trial court's findings of fact and, in turn, whether the findings support the conclusions of law. *Perry v. Costco Wholesale, Inc.*, 123 Wn. App. 783, 792, 98 P.3d 1264 (2004). Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of

2

the finding's truth. *State v. Solomon,* 114 Wn. App. 781, 789, 60 P.3d 1215 (2002). We consider unchallenged findings of fact verities on appeal, and we review conclusions of law de novo. *Perry,* 123 Wn. App. at 792.

In a criminal matter, the State must prove every element of the crime charged. *State v. Teal,* 152 Wn.2d 333, 337, 96 P.3d 974 (2004). To prove voyeurism, the State had to show Mr. Moser (1) knowingly viewed Ms. Farrington without her knowledge or consent while (2) she was in a place where she had a reasonable expectation of privacy, or that Mr. Moser viewed Ms. Farrington's intimate areas without her knowledge or consent where she had a reasonable expectation of privacy, whether in a public or private place. RCW 9A.44.115(2). The State had to prove Mr. Moser viewed Ms. Farrington to arouse or gratify his sexual desires. RCW 9A.44.115(2). Mr. Moser stipulated that he viewed Ms. Farrington to arouse or gratify sexual desire, leaving the narrow question of whether Ms. Farrington had a reasonable expectation of privacy within her home.

RCW 9A.44.115(1)(c)(ii) clarifies that a place where a person would have a reasonable expectation of privacy is "[a] place where one may reasonably expect to be safe from casual or hostile intrusion or surveillance." No Washington legal authority is directly on point regarding whether a home with open blinds is a place where a person may reasonably expect to be safe from casual or hostile intrusion or surveillance. But, it is well established that both the federal and state constitutions provide protection against intrusions in the home. Indeed, in *State v. Ferrier,* 136 Wn.2d 103, 110, 960

3

P.2d 927 (1998), our Supreme Court recognized the expectation of privacy in the home as "clearly 'one which a citizen of this state should be entitled to hold,' because 'the home receives heightened constitutional protection.'" *Id.* at 118 (citations omitted).

By comparison, in *State v. Stevenson*, 128 Wn. App. 179, 195, 114 P.3d 699 (2005), Division Two of this court held sufficient evidence supported the defendant's conviction after he observed his daughter walking through the family home's kitchen and then continued to watch her when she went into the bathroom to shower. In *State v. Diaz-Flores*, 148 Wn. App. 911, 919, 201 P.3d 1073 (2009), Division One of this court held sufficient evidence supported a voyeurism conviction when the defendant looked through the blinds to watch a couple engage in sexual activity inside their home.

Here, Ms. Farrington lived in a retirement community with a "no trespassing" sign posted on her nearby street. She was inside her home late at night, preparing to go to bed when she saw Mr. Moser masturbating while watching her through an open window. Although Ms. Farrington's factual situation is not identical to the victims in *Stevenson* and *Diaz-Flores*, she similarly had an expectation of privacy within her home; the record shows no facts tending to show Ms. Farrington invited or encouraged any diminishment in her expectation of privacy in her home. Indeed, leaving the blinds open, leaving the lights on, and decorating a window do not negate her privacy interests in any material way. Ms. Farrington was without a reasonable doubt in a place where she expected "to be safe from casual . . . surveillance" as set forth in RCW 9A.44.115(1)(c)(ii).

4

Given all, we conclude Ms. Farrington had, under these facts, an undiminished expectation of privacy within her home. Accordingly, we hold sufficient evidence exists to support Mr. Moser's voyeurism conviction.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Brown, J.

WE CONCUR:

_____
Siddoway, A.C.J.

_____
Fearing, J.

5