# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

SANG THANH NGUYEN,

Appellant.

No. 70214-9-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: September 15, 2014

LEACH, J. — Sang Nguyen appeals his conviction for possession of cocaine with intent to deliver. He contends that the trial court violated his due process right to a jury determination of each fact necessary for a conviction because its jury instructions failed to inform the jury of the State's burden to prove accomplice liability beyond a reasonable doubt. Because the trial court's instructions sufficiently informed the jury of the State's burden and the applicable law, we affirm.

## Background

On April 11, 2012, Seattle Police Department officers conducted an undercover "order-up" narcotics operation using a cooperating witness named Van. Officer Matthew Pasquan directed Van to call Sang ("Sam") Nguyen and ask to buy $200 worth of cocaine. The person who answered identified himself as Sam and agreed to meet Van at a local market to make the exchange. After Van made a second call to Sam, they agreed to meet at Van's house. Police

observed a car arrive at Van's house, later identifying the driver as Kimberle Alojasin and her passenger as Nguyen. Alojasin and Nguyen went to the door of Van's house and knocked. When no one answered, Sam called Van, who was with officers in an unmarked car nearby. Van told Sam that he was on his way. As Nguyen and Alojasin were walking back to their car, officers arrested them. Van verified that Nguyen and Alojasin were the people with whom he had arranged the purchase.

During a search incident to arrest, police found that Nguyen was carrying two cell phones. One of these phones rang when officers used Van's phone to dial the number Van had used to set up the drug purchase. Alojasin gave officers two small bags of cocaine that she had hidden in her bra. In a recorded statement after his arrest, Nguyen acknowledged his intent to sell drugs to Van and Alojasin's role in the planned drug sale to Van.

The State charged Nguyen and Alojasin each with one count of possession of cocaine, a controlled substance, with intent to deliver. Alojasin pleaded guilty as charged.

At trial, after the State rested, Nguyen moved to dismiss, asserting that insufficient evidence showed he had "dominion and control" over the drugs, as required to show constructive possession. The prosecutor responded, "This is certainly an accomplice liability case. There are apparently two people working together to deal drugs." The prosecutor also noted portions of Nguyen's

statement showing that Nguyen directed the exchange with Van. The court denied Nguyen's motion.

Alojasin testified for the defense. She stated she first spoke to Van and arranged to meet him for the purpose of selling cocaine. She explained that Nguyen took a second call from Van because she was driving. When no one answered their knock at Van's door, she asked Nguyen to call Van because she had a hard time understanding Van's broken English. She confirmed that they went to Van's door together but insisted that the deal was "[hers], completely" and that Nguyen "didn't want to do it." But, on cross-examination, Alojasin acknowledged that Nguyen used his own phone to learn the meeting location. And the prosecutor played portions of Alojasin's recorded statement, in which she used "we" and "us" repeatedly to describe plans for the drug deal with Van.

The court used pattern instructions to instruct the jury on reasonable doubt[1] and accomplice liability.[2] The to-convict instruction[3] described all the elements necessary to find "the defendant" guilty of the crime of possession with intent to deliver a controlled substance. A separate instruction defined "possession."[4] Defense counsel made no objection to the instructions.

A jury convicted Nguyen as charged. Nguyen appeals.

---

[1] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01, at 85 (3d ed. 2008) (WPIC).

[2] WPIC 10.51, at 217.

[3] WPIC 50.14, at 967.

[4] WPIC 50.03, at 949.

Analysis

Nguyen contends that because the accomplice liability instruction "was completely silent as to the State's burden of proof" and "was not incorporated into the 'to convict' instruction, it was untethered from the State's burden of proof as set forth in that instruction." Therefore, Nguyen argues, "the instructions improperly relieved the State of its burden as to accomplice liability and violated Mr. Nguyen's right to a jury finding of every fact necessary for a conviction beyond a reasonable doubt." The State disagrees. The State also argues that because Nguyen affirmatively agreed at trial to the instructions he now challenges, both the invited error doctrine and RAP 2.5(a)[5] preclude appellate review. Because we conclude that the court's instructions properly informed the jury, we affirm without reaching the State's other arguments.

Nguyen does not challenge the reasonable doubt and to-convict instructions but assigns error to instruction 13, which defined accomplice liability:

> A person is guilty of a crime if it is committed by the conduct of another person for which he or she is legally accountable. A person is legally accountable for the conduct of another person when he or she is an accomplice of such other person in the commission of the crime.
>
> A person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of the crime, he or she either:
>
> (1) solicits, commands, encourages, or requests another person to commit the crime; or

---

[5] Under RAP 2.5(a), a reviewing court "may refuse to review any claim of error which was not raised in the trial court."

(2) aids or agrees to aid another person in planning or committing the crime.

The word "aid" means all assistance whether given by words, acts, encouragement, support, or presence. A person who is present at the scene and ready to assist by his or her presence is aiding in the commission of the crime. However, more than mere presence and knowledge of the criminal activity of another must be shown to establish that a person present is an accomplice.

We review a challenged jury instruction de novo, examining it in the context of the instructions as a whole.[6] Jury instructions must inform the jury that the State bears the burden of proving every essential element of the offense beyond a reasonable doubt.[7] Although accomplice liability is not an element of the charged crime, the State must still prove it beyond a reasonable doubt.[8] The trial court does not need to include all applicable law in a single instruction.[9] But, when read as a whole, instructions must inform the jury of the State's burden in an understandable way and "clearly direct the jury through its task of deliberations."[10]

Nguyen fails to show error. In State v. Teaford[11] and State v. Teal,[12] Division Two and this court considered similar challenges to jury instructions that included a separate accomplice liability instruction. Even though the accomplice

---

[6] State v. Castillo, 150 Wn. App. 466, 469, 208 P.3d 1201 (2009) (citing State v. Bennett, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007)).

[7] Bennett, 161 Wn.2d at 307.

[8] State v. Teal, 117 Wn. App. 831, 839, 73 P.3d 402 (2003), aff'd, 152 Wn.2d 333, 96 P.3d 974 (2004).

[9] Teal, 117 Wn. App. at 838.

[10] Teal, 117 Wn. App. at 839.

[11] 31 Wn. App. 496, 499-500, 644 P.2d 136 (1982).

[12] 117 Wn. App. 831, 837, 73 P.3d 402 (2003), aff'd, 152 Wn.2d 333, 96 P.3d 974 (2004).

liability instruction in each case did not explicitly refer to the reasonable doubt standard, both courts rejected the instructional challenge. Division Two summarized its analysis:

> Considered as a whole, the instructions required the jury to determine defendant's liability as an accomplice in light of the elements of the principal crimes . . . and under the overall requirement that criminal liability must be proved beyond a reasonable doubt. There was no error.[13]

This court in Teal concluded that similar instructions "were clear about what the jury needed to decide and the legal principles they were to use."[14]

Here, the jury received the pattern instructions for burden of proof and accomplice liability, as well as a to-convict instruction that included all elements of the crime of possession with intent to deliver cocaine. Nguyen does not dispute that the reasonable doubt and to-convict instructions accurately informed the jury of the State's burden as to the elements of the offense. When read as a whole, the instructions clearly set out what the jury needed to decide and the applicable law. Contrary to Nguyen's assertion, the separate accomplice liability instruction did not leave accomplice liability "untethered from the State's burden of proof." The State had to prove accomplice liability "in light of the elements of

---

[13] Teaford, 31 Wn. App. at 500.

[14] Teal, 117 Wn. App. at 839-40. But see State v. Spencer, 111 Wn. App. 401, 411-12, 45 P.3d 209 (2002) (concluding that trial court erred by giving definitional accomplice liability instruction without also giving to-convict instruction advising jury it could convict defendant as an accomplice). In adopting Teaford's holding, this court in Teal disagreed with the "inflexible rule" of Spencer. Teal, 117 Wn. App. at 842.

the principal crimes . . . and under the overall requirement that criminal liability must be proved beyond a reasonable doubt."[15]

Nguyen maintains that because the State "expressly relied" on accomplice liability to support a guilty verdict, "the State cannot establish that failure to instruct the jury of its burden of proof regarding accomplice liability was harmless beyond a reasonable doubt." But the State did not rely only on accomplice liability to support a guilty verdict. Rather, the prosecutor argued that the jury could convict Nguyen as either a principal because of his constructive possession of the cocaine or an accomplice because of Alojasin's actual possession and Nguyen's assistance. And in closing argument, the prosecutor used evidence of Nguyen's own conduct to argue constructive possession. He pointed to Nguyen's statement, in which Nguyen acknowledged that he arranged the purchase and named the meeting place, that he knew how much cocaine Alojasin was carrying and how they would measure it out, and that he planned to take the cocaine from Alojasin and exchange it for money from Van. The prosecutor concluded, "We dealt with actual and we dealt with constructive possession. And, you can choose whichever one you find, but they're both present in this case."

Nguyen attempts to distinguish Teaford and Teal by arguing that he does not contend, as those defendants did, that accomplice liability is an element of the substantive offense or that it must appear in the to-convict instruction. But

---

[15] Teaford, 31 Wn. App. at 500.

Teaford and Teal addressed exactly the question at issue here: whether a separate accomplice liability instruction that does not explicitly refer to the reasonable doubt standard satisfies due process. Under these facts, as in Teaford and Teal, we conclude that it does.

"'Jury instructions are sufficient when they allow counsel to argue their theory of the case, are not misleading, and when read as a whole properly inform the trier of fact of the applicable law.'"[16] The instructions here met this standard. The trial court did nor err.

## Conclusion

Because the jury instructions here properly informed jurors of the State's burden to prove accomplice liability beyond a reasonable doubt, we affirm.

_Leach, J._

WE CONCUR:

_Cox, J._

_Spearman, J._

---

[16] Keller v. City of Spokane, 146 Wn.2d 237, 249, 44 P.3d 845 (2002) (quoting Bodin v. City of Stanwood, 130 Wn.2d 726, 732, 927 P.2d 240 (1996)); see also State v. Killingsworth, 166 Wn. App. 283, 288, 269 P.3d 1064, review denied, 174 Wn.2d 1007 (2012).