IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>          Respondent,<br><br>    v.<br><br>ROLF G. MIFFLIN,<br><br>          Appellant. | No. 83053-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Rolf Mifflin appeals his convictions for felony stalking and misdemeanor stalking. He contends for the first time on appeal that the to-convict instruction did not contain all of the essential elements of stalking because RCW 9A.46.110(1) requires fear of physical injury only. Mifflin waived this argument. He further maintains that the trial court erred in response to a jury question during deliberation by failing to further instruct the jury that the State had to prove that the victim was placed in reasonable fear that Mifflin intended to physically injure her. The plain text of the stalking statute does not restrict that the feared injury be of a physical nature only. We affirm.

FACTS

Mifflin was charged with one count of felony stalking, one count of misdemeanor stalking, and two counts of violation of protective order involving

Citations and pincites are based on the Westlaw online version of the cited material

his conduct toward Lucretia Hoverter.

After the parties presented their cases at trial, the court discussed proposed jury instructions with the parties. During discussion of stalking to-convict instructions, Mifflin successfully argued that irrelevant language related to third parties be removed and that the to-convict instruction should read that Hoverter "was placed in reasonable fear that the Defendant intended to injure her." The court so instructed. Mifflin never raised any concern as to a missing element in these instructions.

During deliberations, the jury asked the court, "Is there a legal definition of 'injure' with regard to the second criteria for misdemeanor and felony stalking charges? (eg. does injure mean physical injury or could emotional/psychological damage also qualify?)." The court consulted with the parties on what answer, if any, should be provided. The prosecutor stated that under the rules of statutory construction, the injury did not need to be physical because the stalking statute did not include the definition of injury as physical injury. Defense counsel argued that the term applied to physical injury only and the court should clarify that for the jury. The court agreed with the State and instructed the jury to "rely upon the court's instructions provided to the jury." The jury found Mifflin guilty on all counts.

Mifflin appeals.

### DISCUSSION

Mifflin does not raise a sufficiency of the evidence argument so we need not discuss the underlying facts supporting the convictions. Mifflin initially

2

identified only one assignment of error: "The trial court failed to instruct the jury on all of the essential elements of the crime of stalking." He added a second assignment of error in supplemental briefing: "The court erred by failing to answer the jury's inquiry about the meaning of the word 'injure' in the 'to-convict' instructions for stalking."

A to-convict instruction must contain all of the elements of the crime, serving as a "'yardstick by which the jury measures the evidence to determine guilt.'" State v. Tyler, 191 Wn.2d 205, 216, 422 P.3d 436 (2018) (quoting State v. France, 180 Wn.2d 809, 815, 329 P.3d 864 (2014)).

The State argues that Mifflin waived this argument. We agree. Generally, we will not consider issues raised for the first time on appeal. RAP 2.5(a). A party may claim an error for the first time on appeal if it concerns "(1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, [or] (3) manifest error affecting a constitutional right." RAP 2.5(a).

Although the omission of an element from a to-convict instruction is of "sufficient constitutional magnitude to warrant review when raised for the first time on appeal," if the instructions properly inform the jury of the essential elements of the crime, an error in defining terms that describe the elements of the crime is not an error of constitutional magnitude. State v. Mills, 154 Wn.2d 1, 6, 109 P.3d 415 (2005); see State v. Saunders, 177 Wn. App. 259, 269, 311 P.3d 601 (2013) (explaining that definitional terms that clarify the meaning of essential elements are not essential elements that must be included in a to-convict instruction).

Washington's stalking statute, former RCW 9A.46.110(1) (2013), provides the following:

> (1) A person commits the crime of stalking if, without lawful authority and under circumstances not amounting to a felony attempt of another crime:
> (a) He or she intentionally and repeatedly harasses or repeatedly follows another person; and
> (b) The person being harassed or followed is placed in fear that the stalker intends to injure the person, another person, or property of the person or of another person. The feeling of fear must be one that a reasonable person in the same situation would experience under all the circumstances; and
> (c) The stalker either:
> (i) Intends to frighten, intimidate, or harass the person; or
> (ii) Knows or reasonably should know that the person is afraid, intimidated, or harassed even if the stalker did not intend to place the person in fear or intimidate or harass the person.

The statute also defines several terms. Former RCW 9A.46.110(6) (2013). "Injure" is not one of the terms defined in the statute. Mifflin does not dispute that the court's to-convict jury instructions accurately reflected the language of the statute. Former RCW 9A.46.110(1)(b) (2013) required the person being harassed or followed be place in fear that the stalker "intend[ed] to injure the person." Both the to-convict stalking instructions for the misdemeanor and felony counts required the State to prove that Hoverter was placed in reasonable fear that the defendant intended to "injure" her. Mifflin cites to no case that has interpreted the stalking statute to require fear of physical injury only. Mifflin has not established a manifest error affecting a constitutional right. Accordingly, he has waived this argument.

Mifflin's second assignment of error is based on the same presumption in his first assignment of error—that the fear of injury must be physical injury.

4

Mifflin argues that the trial court should have responded to the jury's question on the legal meaning of "injure" by further instructing the jury that the State was required to prove that Hoverter was place in reasonable fear that Mifflin intended to physically injure her.

It is within the trial court's discretion to answer jury questions and give further instructions. State v. Becklin, 163 Wn.2d 519, 529, 182 P.3d 944 (2008). Any instructions given must accurately state the law. State v. Teal, 152 Wn.2d 333, 339, 96 P.3d 974 (2004). We review whether jury instructions accurately reflect the law de novo. Becklin, 163 Wn.2d at 525.

The trial court did not abuse its discretion in answering the jury question by directing the jury to refer to the court's instructions provided. As already discussed, the jury instructions accurately reflected the plain language of the stalking statute which does not restrict the term "injure" to only physical injuries.

We therefore affirm.

_____
Coburn, J.

WE CONCUR:

_____     _____
Chung, J.                            Dwyer, J.