FILED
COURT OF APPEALS
DIVISION II

2013 NOV 13 AM II: 15

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42339-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| DONOVAN C. BACH, | |
| Appellant. | |

BJORGEN, J. — Donovan Bach appeals from his convictions for attempted residential burglary and second degree burglary. He argues: (1) the trial court abused its discretion in admitting evidence of Bach's arrest on an outstanding warrant; (2) the trial court's jury instruction defining "substantial step" violated his due process rights because it relieved the State of the burden of proving an element of attempted residential burglary; and (3) substantial evidence does not support the trial court's finding that he had the present or future ability to pay the legal financial obligations (LFO) imposed on him. Because Bach failed to preserve the alleged evidentiary error and his challenge to the LFO finding and because the jury was properly instructed, we affirm his convictions.

## FACTS

On December 7, 2010, Eddie and Irene Lord[1] were asleep in their residence. At around 3:46 AM, Eddie was awakened by a sound he perceived as someone trying to kick in the front door. Eddie looked out his bedroom window and saw a car in his driveway. He went into the living room, told Irene to call 911, and returned to his bedroom with a pistol and a spotlight.

---

[1] For clarity, we refer to Eddie and Irene Lord by their first names. We mean no disrespect.

Eddie raised a window and shouted, "[I]f you're out there, you'd better show your face"; and announced he had a gun. Report of Proceedings (RP) at 20.

Eddie then saw a "young man," whom he identified at trial as Bach, emerge from an area between the residence and an outdoor storage unit. RP at 21. Eddie illuminated Bach with the spotlight, told him to "freeze" and that he would shoot, and fired a round into the ground. RP at 21. Bach then went to his car, backed it up at a "rather high speed" and left the residence. RP at 25.

Responding to the Lords' call, Mason County Sheriff's Deputy Brett Rutherford proceeded to the address registered to the license plate the Lords had observed. While waiting for other deputies to arrive, Rutherford located the car and confirmed that its engine was still warm. Deputy Erik Heilman arrived at the same address, knocked on the door and was invited in by a woman who answered. At some point, Bach emerged from a bedroom and identified himself, after which law enforcement officers ascertained that he had an outstanding arrest warrant and arrested him. Around the same time, Deputy Trevor Clark took Eddie to the same residence, outside of which he identified Bach three times with "100 percent" certainty as the man that had been at his house. RP at 63-65.

The State charged Bach with attempted residential burglary and second degree burglary. Before trial, Bach moved in limine to exclude any testimony that he "was arrested on warrants." RP at 7. However, he specified no basis for this motion. The trial court requested an offer of proof from the State, reasoning that "being arrested on a warrant per se could be prejudicial . . . if it had nothing to do whatever with the case." RP at 8. In its offer of proof, the State argued that

2

Bach's arrest on warrants was "part of the res gestae" and necessary to explain law enforcement officers' actions in arresting Bach and removing him from the residence outside of which Eddie identified him. RP at 7-9. Bach responded only that the officers likely would have arrested Bach anyway for suspicion of the burglary and, thus, he did not know whether "it's crucial that the jury hear that he was arrested on his warrants." RP at 9. The trial court denied Bach's motion in limine, ruling that the warrant was "part of the res gestae" and "relevant . . . to what the officer's actions were," but excluding any reference to the warrant's basis. RP at 10.

A jury convicted Bach as charged. At sentencing, the trial court imposed LFOs, finding that Bach had "the ability or likely future ability to pay" them. RP at 10. Bach did not challenge this finding before the trial court. The court ordered payments to begin 60 days after Bach's release from custody. Bach appeals.

## ANALYSIS

### I. EVIDENTIARY CHALLENGES

Bach argues that the admission of Heilman's testimony that he was arrested on an outstanding warrant violated ER 404(b), requiring reversal. For the reasons below, we hold that Bach failed to preserve this challenge for appeal.

According to ER 404(b),

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Under ER 103(a)(1),

[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . [i]n case the ruling is one

3

admitting evidence, a timely objection or motion to strike is made, stating the specific ground of objection, if the specific ground was not apparent from the context.

Applying these provisions, our Supreme Court has held that a nonspecific objection based on "prejudice" will preserve an ER 404(b) challenge for appeal "because it suggests the defendant was prejudiced by the admission of evidence of prior bad acts," but an objection based on relevance alone will not. *State v. Mason*, 160 Wn.2d 910, 933, 162 P.3d 396 (2007).

Here, Bach moved before trial to exclude any testimony about his arrest on an outstanding warrant. The only bases he provided for this objection, though, were his speculation that law enforcement officers would have arrested him even without the warrant, based on suspicions of his involvement in the burglary, and his view that the testimony was not "crucial" for the jury to hear. RP at 9. However, he never argued that the testimony would be prejudicial. Thus, Bach appeared to base his objection on grounds of relevance or that the testimony was needlessly cumulative under ER 403,[2] not on grounds of prejudice.

Bach argues that even if trial counsel failed to mention ER 404(b), the reference by both the trial judge and defense counsel to the notion of res gestae shows that each understood this objection to be brought under that rule. Under ER 103(a)(1), Bach argues his objection is preserved since its specific ground was apparent from the context.

As noted, the only grounds for objection offered by Bach below were that law enforcement officers would have arrested him in any event and that testimony about his arrest was not crucial. This, together with the absence of any claim of prejudice, unambiguously

---

[2] ER 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed . . . by considerations of . . . needless presentation of cumulative evidence."

4

signals an objection based on ER 403, not ER 404(b). Under ER 103(a)(1) and *Mason*, 160 Wn.2d at 933, the reference to res gestae does not translate this to an ER 404(b) objection.

Bach also argues that under *Garceau v. Woodford*, 275 F.3d 769 (9th Cir. 2001), *reversed on other grounds by Woodford v. Garceau*, 538 U.S. 202, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003), the alleged violation of ER 404(b) is a due process violation of constitutional magnitude. If correct, the objection under ER 404(b) could be raised for the first time on appeal under RAP 2.5(a). However, we are bound only by decisions of our state Supreme Court and nonsupervisory decisions of the United States Supreme Court. *In re Pers. Restraint of Crace*, 157 Wn. App. 81, 98 n.7, 236 P.3d 914 (2010), *reversed on other grounds*, 174 Wn.2d 835, 280 P.3d 1102 (2012). Our Supreme Court has held that "'[e]videntiary errors under ER 404 are not of constitutional magnitude.'" *State v. Smith*, 106 Wn.2d 772, 780, 725 P.2d 951 (1986) (quoting *State v. Jackson*, 102 Wn.2d 689, 695, 689 P.2d 76 (1984)). Therefore, RAP 2.5(a) does not allow them to be raised for the first time on appeal.

For these reasons, Bach failed to preserve his ER 404(b) challenge for appellate review.

As noted, Bach did object to admission of evidence of his arrest warrant under the standards of ER 403, which states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed . . . by considerations of . . . needless presentation of cumulative evidence."

Bach argues on appeal that this evidence was inadmissible under ER 403, because it was unduly prejudicial. However, Bach did not argue at trial that it was prejudicial. The only bases for this objection, as described above, were speculation that he would have been arrested anyway and his opinion that the testimony was not crucial. In the absence of any claim of prejudice, it

was not an abuse of discretion for the trial judge to admit this evidence when the only objection was that it may not strictly be needed.[3]

## II. SUBSTANTIAL STEP JURY INSTRUCTION

Bach argues for the first time on appeal that jury instruction 9, defining "substantial step" for purposes of criminal attempt, violated his due process rights. Specifically, he argues that (1) instruction 9's usage of "indicates" instead of "corroborates" and (2) "a criminal purpose" instead of "the criminal purpose" relieved the State of its burden to prove the substantial step element of criminal attempt. Br. of Appellant at 11-14. We hold that the trial court did not err in giving the instruction and, alternatively, if it were erroneous, Bach invited the error by assenting to the instruction at trial.

We review alleged errors of law in jury instructions de novo. *State v. Hayward*, 152 Wn. App. 632, 641, 217 P.3d 354 (2009). Jury instructions are proper when they permit the parties to argue their theories of the case, do not mislead the jury, and properly inform the jury of the applicable law. *Hayward*, 152 Wn. App. at 641 (quoting *State v. Barnes*, 153 Wn.2d 378, 382, 103 P.3d 1219 (2005)). "Due process requires the State to bear the 'burden of persuasion beyond a reasonable doubt of every essential element of a crime.'" *State v. Deal*, 128 Wn.2d 693, 698, 911 P.2d 996 (1996) (quoting *State v. Hanna*, 123 Wn.2d 704, 710, 871 P.2d 135 (1994)). Thus, it is constitutional and reversible error to instruct the jury in a manner that would relieve the State of its burden to prove every essential element of a criminal offense beyond a reasonable doubt. *See Hayward*, 152 Wn. App. at 641-42. We analyze a challenged jury instruction by

---

[3] Bach does not make an independent argument based on ER 401 and 402, but relies on those arguments rejected above.

considering the instructions as a whole and reading the challenged portions in context. *Hayward*, 152 Wn. App. at 642.

Under RAP 2.5 (a) a claim of manifest constitutional error may be raised for the first time on appeal. Thus, we reach Bach's due process claim, even though he did not raise it below. Turning to the merits of Bach's challenges, our Supreme Court has defined the substantial step element of criminal attempt as conduct "strongly *corroborative* of the actor's criminal purpose." *State v. Workman*, 90 Wn.2d 443, 451-52, 584 P.2d 382 (1978) (emphasis added). In comparison, jury instruction 9 defined a substantial step as "conduct that strongly *indicates* a criminal purpose and that is more than mere preparation." Clerk's Papers (CP) at 79 (emphasis added). This instruction is identical to the Washington pattern jury instruction defining substantial step. 11A WASHINGTON PRACTICE, PATTERN JURY INSTRUCTIONS: CRIMINAL (WPIC) 100.05, at 390 (3d ed. 2008). This pattern instruction and, thus, jury instruction 9, are consistent with the *Workman* court's definition of substantial step. *State v. Gatalski*, 40 Wn. App. 601, 613, 699 P.2d 804 (1985), *overruled on other grounds as stated in State v. Harris*, 121 Wn.2d 317, 849 P.2d 1216 (1993). Accordingly, jury instruction 9 was not erroneous.

Second, Bach argues that instruction 9's usage of "a criminal purpose" allowed the jury to find that he had committed a substantial step if his conduct indicated *any* criminal purpose, as opposed to the criminal purpose of committing residential burglary. Br. of Appellant at 13 (emphasis omitted). We rejected a similar argument in *State v. Eplett*, 167 Wn. App. 660, 665-66, 274 P.3d 401 (2012). In *Eplett*, an attempted second degree rape of a child case, we held that the jury instruction defining a substantial step should not be read in isolation. *Eplett*, 167 Wn. App. at 666. We observed that another jury instruction provided, "A person commits the crime

7

of attempted rape of a child in the second degree when, with intent to commit that crime, he or she does any act that is a substantial step *toward the commission of that crime*." *Eplett*, 167 Wn. App. at 666. Thus, we concluded that "the two instructions clearly require[d] the jury to find that there was evidence demonstrating that Eplett took a substantial step toward committing *the charged offense*." *Eplett*, 167 Wn. App. at 666.

As in *Eplett*, instruction 8 in this case provided that "[a] person commits the crime of attempted residential burglary when, with intent to commit that crime, he or she does any act that is a substantial step toward the commission of *that crime*." CP at 78 (emphasis added). In addition, instruction 13 provided,

> To convict the defendant of the crime of attempted residential burglary, each of the following elements of the crime must be proved beyond a reasonable doubt . . . [t]hat on or about the 7th day of December, 2010, the defendant did an act that was a substantial step *toward the commission of residential burglary*.

CP at 83 (emphasis added). Thus, when read together the jury instructions sufficiently informed the jury that Bach's conduct had to indicate a criminal purpose of committing residential burglary. With that, his claim fails.

Finally, even if the instruction were erroneous in either respect, Bach affirmatively assented to the instruction at trial. "Under the doctrine of invited error, even where constitutional rights are involved, we are precluded from reviewing jury instructions when the defendant has proposed an instruction or agreed to its wording." *State v. Winings*, 126 Wn. App. 75, 89, 107 P.3d 141 (2005); *see also In re Det. of Gaff*, 90 Wn. App. 834, 845, 954 P.2d 943 (1998). Under these cases, Bach invited any error in instruction 9 and may not complain of it on appeal.

8

No. 42339-1-II

III. SUFFICIENCY OF FINDINGS ON LEGAL FINANCIAL OBLIGATIONS

Finally, Bach contends that substantial evidence does not support the trial court's finding that he had the present or future ability to pay LFOs. Consistent with our recent decision in *State v. Blazina*, No. 42728-1-II, 2013 WL 2217206 (Wash. Ct. App. May 21, 2013), we decline to allow Bach to challenge that finding for the first time in this appeal. *See* RAP 2.5(a).

We affirm Bach's convictions and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJØRGEN, J.

I concur:

JOHANSON, A.C.J.

9

No. 42339-1-II

QUINN-BRINTNALL, J. (concurring in the result) — I agree with the majority opinion's conclusion that Donovan Bach failed to preserve his evidentiary issue and that the jury in this case was properly instructed. However, for the reasons stated in *State v. Lundy*, ___ Wn. App. ___, 308 P.3d 755, 761-62 (2013), I believe that Bach's challenge to the trial court's finding on his present and future ability to pay legal financial obligations is not ripe for our review.

QUINN-BRINTNALL, J.