# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>   v.<br><br>ROBERT TODD THYSELL, SR.,<br><br>               Appellant. | No. 87210-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Robert Thysell appeals his conviction of assault in the second degree with a deadly weapon. He argues that he was unlawfully deprived of counsel, but he cannot raise this issue for the first time on appeal because he cannot show manifest error as required by RAP 2.5(a)(3). He also argues that the prosecutor committed reversible misconduct and raises additional issues in a statement of additional grounds for review (SAGR). We affirm.

I

In June 2021, the State charged Thysell by information with one count of assault in the second degree with a deadly weapon. The State alleged that Thysell pointed a rifle at a sheriff's deputy when the deputy arrived at Thysell's home in response to a 911 call from Thysell's wife, who reported that Thysell had assaulted her.[1]

---

[1] The State later added a charge of assault in the fourth degree against a family or household member. A jury acquitted Thysell of that charge, and it is not at issue in this appeal.

On June 21, 2021, the trial court found that "there [was] probable cause to believe [Thysell] committed the crime[ ] alleged" and ordered that he was "not to be released before being brought before the Court on Preliminary Appearance." (Boldface omitted.) Thysell made his preliminary appearance that same day. After informing Thysell of the charge against him, the trial court asked, "Do you understand that you have the right to remain silent and anything you say could be used against you," and Thysell responded, "Yes." Thysell did not have an attorney and stated that he wanted one. The trial court determined that Thysell was not indigent, declined to appoint counsel, and directed Thysell to try to retain an attorney on his own.

The court then heard from the State regarding conditions for Thysell's release. The State argued among other things that bail should be set at $35,000 and that Thysell should be required to sign a waiver of extradition. The court invited Thysell to speak and reminded him that he had a right to remain silent regarding the allegations against him. Thysell stated he understood, and then said,

> I had no idea that it was a deputy that had drove up the driveway. So, he said he flashed or turned his lights on. I never seen them. So, I had no idea it was a deputy. As soon as I, you know, as soon as I realized it was, I . . . let go of the rifle and . . . turned around and walked off. But I had no idea that there was a deputy that had drove up the driveway.

The trial court adopted the State's requested release conditions "for the most part," including by requiring Thysell to sign a waiver of extradition. But the

2

court set bail at $15,000, citing the fact that Thysell did not have a history of failing to appear and had only limited, misdemeanor history. On June 25, 2021, Thysell posted bail, and he appeared out of custody for later proceedings.

On July 6, Thysell appeared for arraignment. When the trial court asked Thysell if he had retained an attorney, he responded no, explaining that he had started to but was told that counsel would be appointed. The trial court reminded Thysell that it had directed him to retain his own attorney and stated it was "reluctant to go forward with an arraignment . . . without counsel being present." The court explained that Thysell had the right to be arraigned within 14 days after his preliminary appearance but that Thysell could waive that right to allow additional time to hire counsel. Thysell confirmed he understood, then the trial court asked if Thysell wanted additional time to retain his own attorney rather than handle the arraignment himself. Thysell indicated he "would rather do that," and the trial court reset arraignment to July 19, 2021.

On July 19, Thysell appeared with counsel and pleaded not guilty. Trial took place in October 2021, and Thysell's theory was self-defense. He testified that when he saw the deputy's vehicle coming up his driveway, he "had no idea who it was" and decided to "confront the situation," realizing only later that the vehicle belonged to law enforcement when he "happened to see the faded star on the side."

The jury found Thysell guilty of assault in the second degree. Thysell appeals.

3

II

Thysell argues for the first time on appeal that reversal is required because he was unlawfully deprived of counsel when the court made a determination of probable and cause at the June 21, 2021 and July 6, 2021 hearings. Because Thysell does not establish manifest error under RAP 2.5(a)(3), he cannot raise this issue for the first time on appeal.

A

RAP 2.5(a)(3) states that a party may raise for the first time on appeal a "manifest error affecting a constitutional right." "This rule is intended to allow a reviewing court to correct any 'serious injustice to the accused' and to preserve the fairness and integrity of judicial proceedings." State v. Brashear, 32 Wn. App. 2d 934, 940, 559 P.3d 121 (2024) (quoting State v. McFarland, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995)).

To determine whether RAP 2.5(a)(3) applies, we ask whether (1) the error is truly of constitutional magnitude and (2) the error is manifest, meaning the appellant can show actual prejudice. State v. J.W.M., 1 Wn.3d 58, 90-91, 524 P.3d 596 (2023). To demonstrate actual prejudice, the appellant must make a plausible showing that the claimed error had practical and identifiable consequences in the trial of the case. Id. at 91. Accordingly, the trial record must be sufficient to determine the merits of the claim. State v. Kirkman, 159 Wn.2d 918, 935, 155 P.3d 125 (2007). If it is not, "no actual prejudice is shown and the error is not manifest." McFarland, 127 Wn.2d at 333.

4

B

Thysell's deprivation-of-counsel claim is one of constitutional magnitude: Under both the Sixth Amendment to the federal constitution and article 1, section 22 of the Washington constitution, a criminal defendant has the right to the assistance of counsel. State v. Heng, 2 Wn.3d 384, 388-89, 539 P.3d 13 (2023). That right attaches at a defendant's " 'first appearance before a judicial officer' where 'a defendant is told of the formal accusation against him and restrictions are imposed on his liberty.' " Id. at 389 (quoting Rothgery v. Gillespie County, 554 U.S. 191, 194, 128 S. Ct. 2578, 171 L. Ed. 2d 366 (2008)).

However, Thysell does not show that the absence of counsel actually prejudiced him. He contends that he was prejudiced by counsel's absence from (1) the trial court's probable cause determination, (2) his preliminary appearance, and (3) his initial arraignment hearing. Thysell argues that each of these was a critical stage of the proceedings and, thus, counsel's absence requires automatic reversal.

"[A] critical stage is one where a defendant's rights were lost, defenses were waived, privileges were claimed or waived, or the outcome of the case was otherwise substantially affected." Id. at 394. Thysell does not identify any aspect of the trial court's probable cause determination that would render it a critical stage of trial. Cf. Gerstein v. Pugh, 420 U.S. 103, 123, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975) ("Because of its limited function and its nonadversary character, the probable cause determination is not a 'critical stage' in the prosecution that would

require appointed counsel."). As for the initial arraignment hearing: Although Thysell waived his right to a 14 day arraignment, he does not explain how the resulting 13 day delay substantially affected the outcome of his case, particularly where the reason for the waiver was to allow Thysell time to retain counsel.

Finally, with regard to the preliminary hearing, Thysell asserts that he was prejudiced because he "waived his Fifth Amendment rights without advice of counsel, limiting his defense options." Thysell bears the burden to establish manifest error. State v. McDonald, 138 Wn.2d 680, 691, 981 P.2d 443 (1999). Thysell states that it is "impossible to predict how that waiver could have affected the outcome of the trial." This is true: Thysell points to nothing in the record to show that his statement at the preliminary hearing—that he did not know it was law enforcement approaching his home—cornered him into a self-defense theory that he otherwise would not have advanced or affected the outcome of his trial in any way. Thysell also does not show that his signing a waiver of extradition caused any prejudice given that extradition was never at issue. Cf. State v. Welker, 127 Wn. App. 222, 230 n.7, 110 P.3d 1167 (2005) ("A waiver of extradition is effective only when the state has initiated extradition proceedings against the out-of-state defendant."), aff'd, 157 Wn.2d 557, 141 P.3d 8 (2006). And while Thysell also asserts that he "was forced to face pretrial release conditions and bail determinations without advice of counsel," he posted bail, was released pending trial, and did not lose the right to challenge the conditions of his release. Cf. Heng, 2 Wn.3d at 395 (bail setting was not a critical stage where defendant did not lose

his ability to challenge bail).

The record does not support a conclusion that Thysell's trial suffered practical and identifiable consequences because of the pretrial hearings at which Thysell appeared without the assistance of counsel.[2]  Accordingly, we decline to review Thysell's deprivation-of-counsel claim for the first time on appeal.

III

Thysell next contends that the prosecutor committed reversible misconduct during closing argument.  We disagree.

To establish prosecutorial misconduct, a defendant must show that the prosecutor's conduct was both improper and prejudicial in the context of the record and all of the circumstances of the trial.  State v. Zamora, 199 Wn.2d 698, 708-09, 512 P.3d 512 (2022).  When the defendant does not object at trial, we apply a heightened standard of review and require a showing that the prosecutor's misconduct was " 'so flagrant and ill intentioned that [a jury] instruction would not have cured the [resulting] prejudice.' "  Id. at 709 (alterations in original) (internal quotation marks omitted) (quoting State v. Loughbom, 196 Wn.2d 64, 70, 470 P.3d 499 (2020)).  "In other words, the defendant who did not object must show the improper conduct resulted in incurable prejudice."  Id. (emphasis omitted).

---

[2] In a SAGR, Thysell contends that his trial counsel was ineffective for not raising the deprivation of counsel issue below.  But to prevail on that claim, Thysell must show both that counsel acted unreasonably by not raising the deprivation of counsel issue and that had counsel raised the issue, there is a reasonable probability that the outcome of his trial would have been different.  State v. Bertrand, 3 Wn.3d 116, 123, 546 P.3d 1020 (2024).  For the reasons discussed, Thysell can make neither showing.

"Although a prosecutor has wide latitude to argue reasonable inferences from the evidence, a prosecutor must 'seek convictions based only on probative evidence and sound reason.' " In re Pers. Restraint of Glasmann, 175 Wn.2d 696, 704, 286 P.3d 673 (2012) (citation omitted) (quoting State v. Casteneda-Perez, 61 Wn. App. 354, 363, 810 P.2d 74 (1991)). " 'The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.' " Id. (quoting AM. BAR ASS'N, STANDARDS FOR CRIMINAL JUSTICE std. 3-5.8(c) (2d ed. 1980)).

Here, the prosecutor argued,

> And self-defense is what a reasonable person would do under the same or similar circumstances. . . . What the defendant did was he came home from the rodeo and he didn't have the food that his wife told him . . . he was gonna bring home. Didn't have the water that the wife wanted. And whether that demand by his wife is reasonable or unreasonable, it's not a reason to assault her. . . . [S]he called the police and she asked for help . . . [a]nd then, when law enforcement came, he was gonna deal and confront that situation.
> And, in confronting that situation, he committed a crime. Aimed a deadly weapon at [the sheriff's deputy] and put him in fear and apprehension of . . . death or serious bodily injury. *And the fact that he didn't pull the trigger only means that we're not here on a more serious charge. That's the only difference. If he'd pulled the trigger, it'd be something else. It might even be even more tragic than this case already is.*

(Emphasis added.) Thysell contends that by arguing that the situation could have been more serious and tragic had he pulled the trigger, the prosecutor "improperly focuse[d] on an appeal to the jury's fears, and implies the jury should send a message by finding [Thysell] guilty."

The prosecutor should not have speculated about what might have happened as opposed to arguing what the evidence supported did happen. See State v. Fisher, 165 Wn.2d 727, 747, 202 P.3d 937 (2009) (references to evidence outside the record constitute misconduct). But Thysell did not object, and any prejudice could have been cured by instructing the jury to disregard the above emphasized part of the prosecutor's argument. Accordingly, reversal is not required.

Thysell contends that the prosecutor's statements caused incurable prejudice because the evidence was "not overwhelming" that he knew it was law enforcement on his property. But he cites only favorable evidence and does not acknowledge any evidence to the contrary. This evidence included a video of the incident and Thysell's wife's testimony that Thysell was "standing right there" when she was on the phone with 911 and that she told him law enforcement was coming. Moreover, the jury was instructed to decide the facts "based upon the evidence presented" during trial and that the lawyers' arguments were not evidence. Thysell's contention is not persuasive.

IV

Thysell has filed a SAGR in which he raises a number of additional issues, none of which warrant reversal.

Thysell first contends that his trial counsel was ineffective for (1) not objecting to the conditions placed on Thysell's release and the delay of his arraignment, (2) not objecting to the prosecutor's statement during a pretrial

9

hearing that Thysell "is lucky to be alive," (3) not moving to suppress any evidence at Thysell's CrR 3.6 hearing, (4) not challenging "any warrantless arrest issues," (5) not challenging "any improper characterization of evidence," (6) not challenging "any assumption of facts not in the evidence," and (7) not investigating the evidence or "hav[ing] any expert analysis." A defendant alleging ineffective assistance bears the burden "to show from the record a sufficient basis to rebut the 'strong presumption' counsel's representation was effective." McFarland, 127 Wn.2d at 337 (quoting State v. Thomas, 109 Wn.2d 222, 226, 743 P.2d 816 (1987)). The defendant also "bears the burden of showing, based on the record developed in the trial court, that the result of the proceeding would have been different but for counsel's deficient representation." Id.

Thysell does not explain what warrantless arrest "issues" counsel should have raised, what evidence he believes was mischaracterized or should have been suppressed, what facts were improperly assumed, what additional investigation counsel should have undertaken, or what expert analysis counsel should have obtained. Cf. RAP 10.10 (appellate court "will not consider a [SAGR] if it does not inform the court of the nature and occurrence of alleged errors" and "is not obligated to search the record in support of claims made in a [SAGR]"). Also, he does not allege or establish that the outcome of his trial would have been different had counsel made the objections Thysell claims should have been made. Cf. State v. Gerdts, 136 Wn. App. 720, 726-27, 150 P.3d 627 (2007) (defendant basing ineffective assistance claim on counsel's failure to object must show that an

objection would likely have been successful). Thysell's ineffective assistance claim fails.

Thysell next takes issue with a number of jury instructions. But each challenged instruction is consistent with the version Thysell proposed, so he waived any challenge. See State v. Eplett, 167 Wn. App. 660, 664, 274 P.3d 401 (2012) (appellant cannot challenge instruction he proposed). Thysell also argues that trial counsel was deficient for not challenging the instructions, but he does not identify any meritorious basis for such a challenge. He is correct that instruction 5 could be read out of context to imply there were multiple defendants,[3] but it would have been obvious to the jury that Thysell was the sole defendant, and Thysell points to no evidence that the jury was confused in this regard or that any such confusion affected the verdict.

Finally, Thysell argues that cumulative error warrants reversal. The cumulative error doctrine entitles a defendant to a new trial "when cumulative errors produce a trial that is fundamentally unfair." State v. Emery, 174 Wn.2d 741, 766, 278 P.3d 653 (2012). Reversal is not required where the errors are few and have little to no effect on the outcome of trial. State v. Greiff, 141 Wn.2d 910, 929, 10 P.3d 390 (2000). Because Thysell does not show that any of his claimed

---

[3] Instruction 5 stated, "A separate crime is charged in each count. You must separately decide each count charged against each defendant. Your verdict on one count as to one defendant should not control your verdict on any other count or as to the other defendant."

11

errors—individually or considered together—affected the fairness of his trial, the cumulative error doctrine does not apply.

We affirm.

_Birk, J._

WE CONCUR:

_Brennan, J._          _Mann, J._