[No. 12319–3–II.   Division Two.   January 24, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. GREGORY SCOTT RANSOM, *Appellant*.

*Craddock D. Verser, Public Defender*, for appellant.

*David H. Bruneau, Prosecuting Attorney*, for respondent.

WORSWICK, J.—The important issue in Gregory Ransom's appeal from his conviction for unlawful possession of a

controlled substance with intent to deliver is whether the trial court erred by giving an instruction on accomplice liability in answer to a question from the jury after deliberations had begun.[1] We reverse.

As to the facts, it will suffice to say that Ransom and another were arrested while Ransom was driving a pickup truck, that cocaine was found secreted in the truck, that both Ransom and his passenger were carrying large amounts of cash, and that a witness testified that earlier he had given the passenger money and an order for cocaine, expecting the cocaine to be delivered. The State did not elect to pursue an accomplice theory against Ransom.

After deliberations had begun, the jury sent the following note to the trial judge:

> If someone is an accessory to the actual or constructive or attempted transfer of a controlled substance from one person to another are they both guilty of the same?

The judge responded by giving WPIC 10.51 over defense counsel's objection that he had not been afforded the opportunity to argue this theory.[2] We hold that the court

---

[1]Ransom also complains that the prosecutor violated an order in limine that precluded the introduction of prejudicial matter. We are inclined to agree, and we expect the prosecutor to obey the court's order on retrial. We remind all attorneys that stringent remedies are sometimes necessary where attorneys cannot understand the need to adhere to such orders. *See State v. Stephans,* 47 Wn. App. 600, 736 P.2d 302 (1987).

[2]The judge read the following instruction:

"A person who is an accomplice in the commission of a crime is guilty of that crime whether present at the scene or not.

"A person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of the crime, he or she either:

"(1) solicits, commands, encourages, or requests another person to commit the crime; or

"(2) aids or agrees to aid another person in planning or committing the crime.

"The word 'aid' means all assistance whether given by words, acts, encouragement, support, or presence. A person who is present at the scene and ready to assist by his or her presence is aiding in the commission of the crime. However, more than mere presence and knowledge of the criminal activity of another must be shown to establish that a person present is an accomplice."

erred in giving an accomplice instruction after deliberations had begun.

█ Generally accepted is the proposition that a trial judge has discretion whether to give further instructions to the jury after deliberations have started. *State v. Ng,* 110 Wn.2d 32, 42, 750 P.2d 632 (1988); *see* CrR 6.15(f)(1). We have found no Washington case, however, discussing what to us is a related and self–evident proposition: that such supplemental instructions should not go beyond matters that either had been, or could have been, argued to the jury. *See Sams v. Commercial Standard Ins. Co.,* 157 Kan. 278, 139 P.2d 859 (1943); 75 Am. Jur. 2d *Trial* § 601 (1974).

It is axiomatic that attorneys have the right to instructions allowing them to argue their theory of the case. *See State v. Teaford,* 31 Wn. App. 496, 644 P.2d 136, *review denied,* 97 Wn.2d 1026 (1982). Conversely, they may not argue theories they have not advanced and in support of which they have offered no instructions. *State v. Davenport,* 100 Wn.2d 757, 760–61, 675 P.2d 1213 (1984). This is but an aspect of a larger proposition: a lawyer has the right to argue all issues and theories covered by the instructions, whether raised by that lawyer or the opposing lawyer, but may not argue theories not covered by the instructions. *See State v. MacMaster,* 51 Wn. App. 231, 240, 752 P.2d 954 (1988) (McInturff, C.J., dissenting), *rev'd,* 113 Wn.2d 226, 778 P.2d 1037 (1989).

Accomplice liability is a distinct theory of criminal culpability. If the State elects to pursue that theory, it has an obligation to offer timely and appropriate instructions. A defendant has the right to rely on the fact that the State has elected not to pursue that theory. *State v. Davenport, supra.*

It does not matter in this case that the court chose to give the instruction in response to a jury question. The effect was to add a theory that the State had not elected and that defense counsel had no chance to argue. The trial court erred in giving the accomplice liability instruction after deliberations began.

Reversed. New trial granted.

ALEXANDER, C.J., and PETRICH, J., concur.