IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33044-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TERRAL RAY ANTHONY LEWIS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Terral Lewis appeals his conviction and sentence for two counts of first degree robbery and one count of possession of methamphetamine. Save for the gang-related community custody conditions, which the State concedes was imposed in error, we affirm.

## FACTS

Early in the morning on April 29, 2014, Mr. Lewis robbed a coffee shop in Spokane. The shop employees believed Mr. Lewis had a gun in his sweatshirt pocket. Mr. Lewis took a roll of quarters and some change from the cash register, an employee's driver's license, and the coffee shop's iPod and scanner used for credit card payments. When police apprehended Mr. Lewis a few blocks away from the coffee shop, they found a bag of methamphetamine on his person.

At trial the State withdrew, without objection, its proposed instruction on the lesser included offense of second degree robbery. While deliberating, the jury asked the court

whether it could render a verdict on two counts and remain undecided on one count. After initially telling the jury to reread the final instruction, the trial court later proposed a supplemental instruction. The jury found Mr. Lewis guilty of two counts of first degree robbery and one count of possession of a controlled substance.

At sentencing, the court found Mr. Lewis's chemical dependency contributed to his offense. Boilerplate language in the judgment and sentence shows the court ordered Mr. Lewis to "not consume controlled substances except pursuant to lawfully issued prescriptions" and to "not unlawfully possess controlled substances while on community custody." Clerk's Papers (CP) at 111. The court noted this included marijuana as it is illegal under federal law. Accordingly, a blanket requirement that Mr. Lewis not use or possess marijuana or products containing tetrahydrocannabinol (THC) was included among the conditions of his sentence. Additionally, the court ordered Mr. Lewis not to associate with gang members, wear clothing indicative of gang lifestyle, or obtain tattoos indicative of gang lifestyle. The court then imposed a $100 deoxyribonucleic acid (DNA) collection fee as part of Mr. Lewis's legal financial obligations (LFOs). Mr. Lewis appealed.

No. 33044-3-III
*State v. Lewis*

ANALYSIS

*DNA Collection Challenges*

Mr. Lewis challenges the imposition of a mandatory $100 DNA collection fee under RCW 43.43.7541. No objection was raised in the trial court. On appeal, Mr. Lewis makes two arguments. First, he asserts that imposition of the DNA fee without inquiry into ability to pay violates his substantive due process rights. Second, he argues the mandatory DNA fee violates his equal protection rights by requiring first-time felony offenders to pay the fee once while requiring repeat felony offenders to pay the fee multiple times. A successful challenge under either of these claims would require reviewing facts outside the record. Generally, constitutional challenges to the imposition of LFOs turns on a defendant's financial circumstances at the time of recoupment. *See State v. Blank*, 131 Wn.2d 230, 242, 90 P.2d 1213 (1997). Because recoupment has not begun, we cannot yet assess those circumstances. Additionally, standing to make an equal protection claim requires proof that an individual was negatively impacted by a classification scheme. *See State v. Handley*, 115 Wn.2d 275, 290-91, 796 P.2d 1266 (1990). No such proof is in the record. Accordingly, we decline to review Mr. Lewis's arguments for the first time on direct appeal under RAP 2.5(a). *State v. Stoddard*, 192 Wn. App. 222, 226, 366 P.3d 474 (2016).

3

Mr. Lewis also contends the trial court erred by ordering him to submit to a DNA collection under RCW 43.43.754 when he has already done so previously. We find no error. Mr. Lewis's judgment and sentence form specified a DNA sample need not be collected if the Washington State Patrol was already in possession of a sample. This is consistent with Washington law. *See* RCW 43.43.754(1)(a), (2). The trial court did not breach the statute, particularly given that Mr. Lewis supplies no evidence for his contention he already submitted to a DNA collection. *See State v. Thornton*, 188 Wn. App. 371, 373-74, 353 P.3d 642 (2015).

## Community Custody Conditions

Mr. Lewis challenges community custody conditions pertaining to marijuana and gang activities. The claimed errors were not raised in the trial court. However, an erroneously imposed or illegal sentence may be challenged for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008). Trial courts "may impose only sentences that statutes authorize." *State v. Albright*, 144 Wn. App. 566, 568, 183 P.3d 1094 (2008). This court reviews a trial court's statutory authority to impose a particular condition de novo but reviews a crime-related community custody condition for abuse of discretion. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

Mr. Lewis makes two arguments regarding the marijuana conditions. First, he

contends the condition containing a blanket prohibition proscribing him from using or possessing marijuana and/or products containing THC exceeds the trial court's authority because it does not contain the exception for prescription use. *See* RCW 9.94A.703(2)(c) (stating the court shall order an offender to "[r]efrain from possessing or consuming controlled substances except pursuant to lawfully issued prescriptions. . .").  Second, he argues this absolute prohibition conflicts with the boilerplate language purporting to recognize the prescription exception.

We disagree with Mr. Lewis's contentions. Marijuana qualifies as a controlled substance. *See* 21 U.S.C. § 812; RCW 69.50.101(e).  While state law allows for use of controlled substances by individuals under community custody pursuant to a prescription, *see* RCW 9.94A.703(2)(c), this provision does not help Mr. Lewis because one can never obtain a prescription for marijuana use. *See* RCW 69.50.308.  Even in the context of medical marijuana, the user obtains an "authorization," not a prescription, from a health care provider. RCW 69.51A.030(2)(a).  Given these circumstances, the restriction on marijuana use was proper, and the language used in the judgment and sentence form was not contradictory.

Mr. Lewis fares much better in his challenge to the gang-related community custody conditions. The State properly concedes these conditions should be stricken as

5

they are not crime-related. *See* RCW 9.94A.030(10) (defining "crime-related prohibition" as "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted. . ."). On remand, the trial court is instructed to strike the gang-related community custody conditions from Mr. Lewis's judgment and sentence form.

*Ineffective Assistance of Counsel*

In his statement of additional grounds for review, Mr. Lewis makes three claims that he was denied effective assistance of counsel: (1) counsel was deficient in not calling certain witnesses, (2) counsel failed to object to the credibility of a witness, and (3) counsel erred by not objecting when the State opted not to instruct on second degree robbery.

When reviewing a claim of ineffective assistance of counsel on direct appeal, we are limited to the trial record. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). There is a strong presumption that trial counsel's representation was effective. *Id.* To show ineffective assistance, Mr. Lewis must show: (1) defense counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under the circumstances, and (2) the deficient representation prejudiced him, i.e., a reasonable probability exists the outcome would have been different without the deficient

6

representation. *Id.* at 334-35. Failure to meet either prong of this test is dispositive of an ineffective assistance claim. *State v. Berg*, 147 Wn. App. 923, 937, 198 P.3d 529 (2008).

First, Mr. Lewis argues defense counsel did not call certain witnesses. The testimony of Mr. Lewis's proposed witnesses is not in the record. Thus, we cannot resolve Mr. Lewis's claims on direct appeal.

Second, Mr. Lewis contends defense counsel did not object to the credibility of a witness. The witness he refers to is one of the two coffee shop employees present during the robbery. But defense counsel did raise the issue of the employee's credibility. On cross-examination, defense counsel asked the employee about statements she made to a responding officer. When the officer testified, defense counsel again highlighted the inconsistencies in the employee's testimony. Defense counsel's performance was not deficient.

Finally, Mr. Lewis argues defense counsel's performance was deficient because he failed to object when the State opted not to instruct on second degree robbery. A person is guilty of second degree robbery if they commit robbery; the crime is elevated to first degree robbery if the person is armed with or displays what appears to be a deadly weapon. RCW 9A.56.210(1), .200(1)(a). While second degree robbery is a lesser included offense of first degree robbery, the instruction is proper only if it is supported by

7

the record. *State v. Wheeler*, 22 Wn. App. 792, 797, 593 P.2d 550 (1979). A jury may disbelieve any portion of any witness's testimony—thus finding the robber was unarmed—but some evidence must be affirmatively presented to establish only "unarmed robbery." *Id.* Here, all of the witnesses agreed Mr. Lewis appeared to be armed when he committed the robbery. At trial, Mr. Lewis's theory was not that he committed only unarmed robbery but that he did not commit robbery at all. He presented no evidence showing only a second degree robbery occurred. In failing to object, defense counsel's performance was not deficient.

*Supplemental Jury Instruction*

In addition to his ineffective assistance of counsel claims, Mr. Lewis's statement of additional grounds also claims the trial court issued an erroneous instruction after the jury asked whether it could remain undecided on one of the pending counts. "[A] trial judge has discretion whether to give further instructions to the jury after deliberations have started." *State v. Ransom*, 56 Wn. App. 712, 714, 785 P.2d 469 (1990). But "supplemental instructions should not go beyond matters that either had been, or could have been, argued to the jury." *Id.* This court reviews whether a supplemental instruction is proper for abuse of discretion. *State v. Becklin*, 163 Wn.2d 519, 529, 182 P.3d 944 (2008).

8

No. 33044-3-III
*State v. Lewis*

The supplemental instruction here was proper. When the jury asked the court if it could remain undecided on one count, the trial court initially instructed the jury to refer to instruction 17. This instruction discussed the deliberation process and how to fill out the verdict forms. The following day, the trial court found a supplemental instruction that squarely addressed the jury's question. It stated: "A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count." CP at 71. This instruction was purely procedural and did not go beyond matters that had been or could have been argued to the jury. Thus, we find no error.

Based on the foregoing, we affirm Mr. Lewis's conviction but remand to the trial court to strike the gang-related conditions of community custody.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Lawrence-Berrey, A.C.J.                 Siddoway, J.

9